IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 9, 2003

## STATE OF TENNESSEE v. BOBBY HOLT, JR.

**Appeal from the Circuit Court for Hardin County**
**No. 8143     C. Creed McGinley, Judge**

---

**No. W2002-02443-CCA-R3-CD  - Filed August 15, 2003**

---

The defendant, Bobby Holt, Jr., pled guilty to one count of aggravated burglary, four counts of burglary, three counts of theft over $1000, and one count of theft under $500.  The trial court imposed sentences of five years for aggravated burglary, three years on each count of burglary, three years on each count of theft over $1000, and eleven months and twenty-nine days for theft under $500.  The sentences were ordered to be served concurrently, for an effective, Range I sentence of five years.  In this appeal, the defendant asserts that (1) the trial court erred in the application of enhancement and mitigating factors and (2) that the trial court erred by denying an alternative sentence.  The judgments of the trial court are affirmed.

**Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Richard W. DeBerry, Camden, Tennessee, for the appellant, Bobby Holt, Jr.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; and John W. Overton, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In June 2002, the defendant entered open guilty pleas to one count of aggravated burglary, four counts of burglary, three counts of theft over $1000, and one count of theft under $500.  The charges were related to the breaking and entering of Williams Lumber Company, the Hardin Farmer's Co-op, and the residence of Melvin Saccomanno.

In arriving at an effective sentence of five years, the trial court applied enhancement factor (20), that the defendant was adjudicated to have committed a delinquent act or acts as a juvenile that would constitute a felony if committed by an adult.  See Tenn. Code Ann. § 40-35-114(20) (1997).

The trial court applied considerable weight to this factor because of the extensiveness of the defendant's juvenile criminal record. In mitigation, the trial court concluded that the defendant was a youthful offender, see id. § 40-35-113(13), but determined that this factor was entitled to little weight. Probation was denied.

In this appeal, the defendant asserts that the trial court erred by the application of the enhancement and mitigating factors and by denying an alternative sentence. When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

In calculating the sentence for a Class B, C, D, or E felony conviction, the presumptive sentence is the minimum in the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). If there are enhancement but no mitigating factors, the trial court may set the sentence above the minimum, but still within the range. Tenn. Code Ann. § 40-35-210(d). A sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the enhancement factors as a means of increasing the sentence. Tenn. Code Ann. § 40-35-210(e). The sentence must then be reduced within the range by any weight assigned to the mitigating factors present. Id.

Although the defendant asserts that the trial court misapplied the enhancement and mitigating factors, the presentence report establishes that the defendant does, in fact, have an extensive juvenile record, including prior convictions for aggravated assault, burglary, theft under $500, resisting arrest, and possession of drug paraphernalia. At age 15, he violated the conditions of his intensive probation by removing a monitoring device from his ankle. Under these circumstances, the trial court did not err by assigning significant weight to the single enhancement factor.

The defendant also asserts that the trial court erred by denying an alternative sentence. An alternative sentence is any sentence that does not involve total confinement. See State v.

Fields, 40 S.W.3d 435 (Tenn. 2001). As a standard offender convicted of Class C and D felonies, the defendant is presumed to be a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6). In addition, because the sentence imposed is eight years or less, the trial court was required to consider probation as a sentencing option. See Tenn. Code Ann. § 40-35-303(b).

The trial court's determination of whether the defendant is entitled to an alternative sentence and whether the defendant is a suitable candidate for full probation are different inquiries with different burdens of proof. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). When, as here, the defendant is entitled to the statutory presumption favoring alternative sentencing, the state must overcome the presumption by the showing of "evidence to the contrary." Ashby, 823 S.W.2d at 169; State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995), overruled in part on other grounds by State v. Hooper, 29 S.W.3d 1 (Tenn. 2000); see Tenn. Code Ann. §§ 40-35-102(6), -103. Conversely, it is the defendant who has the burden of demonstrating his suitability for total probation. Bingham, 910 S.W.2d at 455; see Tenn. Code Ann. § 40-35-303(b).

As indicated, this defendant is entitled to a presumption in favor of an alternative sentence "absent evidence to the contrary." See Tenn. Code Ann. § 40-35-102(6). What constitutes such evidence can be found in Tennessee Code Annotated section 40-35-103, which provides, in pertinent part, as follows:

Sentences involving confinement should be based on the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1).

The trial court denied an alternative sentence for two reasons: the defendant's extensive juvenile criminal history and the lack of success in utilizing measures less restrictive than confinement. The removal of an ankle monitoring device is a serious probation violation. Further, the defendant admitted escaping from the McNairy County Jail while the charges in this case were pending. Under these circumstances, it is our view that the trial court did not err by ordering a fully incarcerative sentence.

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE