IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 27, 2004

## STATE OF TENNESSEE v. ANTHONY C. CARRIER

**Direct Appeal from the Criminal Court for Sullivan County**
**Nos. S47, 319     R. Jerry Beck, Judge**

---

**No. E2003-02768-CCA-R3-CD - Filed August 17, 2004**

---

The Defendant, Anthony Carrier, pled guilty to aggravated burglary, felony theft, and misdemeanor vandalism. Pursuant to his plea agreement, he received an effective sentence of three years, with the manner of service of the sentences to be determined by the trial court. After a sentencing hearing, the trial court ordered the Defendant to serve his sentences in confinement. It is from this order that the Defendant appeals. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH, J., joined. JAMES CURWOOD WITT, JR., J., joined in results.

Joseph Harrison, Blountville, Tennessee, for the appellant, Anthony C. Carrier.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Greeley Wells, District Attorney General; and Rebecca H. Davenport, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On January 3, 2003, the victim, Vanessa Brice, arrived at her apartment and discovered that the Defendant and two other men were in the process of burglarizing her residence. The three men fled and drove away in a white Honda Accord, which she saw turn west onto May Avenue. Ms. Brice called the police, and Detective Frank White located the vehicle turning from May Avenue onto Highpoint Avenue. He stopped the vehicle, which was being driven by a young female. The Defendant and co-defendant Cotey Books were passengers in the car. Both men were wearing the same clothing as described by the victim. Josh Oliver, the third co-defendant, was apprehended close by, walking away from the scene. The victim positively identified the three men as the ones she had seen fleeing from her apartment. Police officers discovered a broken window in Ms. Brice's apartment, through which the men gained entry into her home. There were items stacked inside and

outside the window, including televisions and games. Officers also located several footprints in the apartment which matched the tread of the shoes being worn by the Defendant and Mr. Oliver.

The Defendant subsequently pled guilty to aggravated burglary, a Class C felony, theft over five hundred dollars, a Class E felony, and vandalism under five hundred dollars, a Class A misdemeanor.

The Defendant and Mr. Books testified at the guilty plea acceptance hearing that it was Mr. Oliver's idea to go to the victim's apartment to find cocaine, which they believed was stored there. They broke a window and began loading televisions and video game systems out through the window. When the victim arrived at her apartment, they all fled.

The Defendant was not present at the sentencing hearing. The trial court denied defense counsel's motion for a continuance and sentenced the Defendant in absentia. At the conclusion of the sentencing hearing, the trial court ordered the Defendant to serve his sentences in confinement. The Defendant argues that the trial court erred by denying him an alternative sentence.

Before a trial court imposes a sentence upon a convicted criminal defendant, it must consider (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; and (f) any statement the defendant wishes to make in the defendant's own behalf about sentencing. See Tenn. Code Ann. § 40-35-210(b); State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002). To facilitate appellate review, the trial court is required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. See State v. Samuels, 44 S.W.3d 489, 492 (Tenn. 2001).

Upon a challenge to the sentence imposed, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then the presumption is applicable, and we may not modify the sentence even if we would have preferred a different result. See State v. Pike, 978 S.W.2d 904 app. at 926-27 (Tenn. 1998). We will uphold the sentence imposed by the trial court if (1) the sentence complies with the purposes and principles of the 1989 Sentencing Act, and (2) the trial court's findings are adequately supported by the record. See State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). The burden of showing that a

sentence is improper is upon the appealing party. See Tenn. Code Ann. § 40-35-401 Sentencing Commission Comments; Arnett, 49 S.W.3d at 257.

A defendant who does not possess a criminal history showing a clear disregard for society's laws and morals, who has not failed past rehabilitation efforts, and who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). See also State v. Fields, 40 S.W.3d 435, 440 (Tenn. 2001). The following considerations provide guidance regarding what constitutes "evidence to the contrary" which would rebut the presumption of alternative sentencing:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1); see also State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000).

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. See Tenn. Code Ann. § 40-35-103(2), (4). The court should also consider the defendant's potential for rehabilitation or treatment in determining the appropriate sentence. See id. § 40-35-103(5).

In this case, the presentence report reflects that, at the time of sentencing, the Defendant was nineteen years old and single. The presentence report contains no information regarding the Defendant's education or employment history because the Defendant failed to meet with the probation officer who prepared the report. Apparently he called her and told her it was impossible for him to meet with her because he had no transportation to get from his residence in Crossville to her office in Blountville. The Defendant has several prior convictions as a juvenile, including theft over ten thousand dollars, theft over one thousand dollars, misdemeanor theft, and possession of marijuana. As an adult he was convicted of misdemeanor theft, and he was on probation for that crime at the time of the instant offenses.

The trial court correctly noted that, because the Defendant was convicted of one Class C felony, one Class E felony, and one Class A misdemeanor, he was entitled to a presumption that he was a favorable candidate for alternative sentencing in the absence of evidence to the contrary. See Tenn. Code Ann. § 40-35-102(6); Fields, 40 S.W.3d at 440. However, the trial judge found that the presumption had been rebutted by evidence of the Defendant's prior criminal history, the seriousness

of the offense of aggravated burglary, and the Defendant's refusal to cooperate with the probation officer. Therefore, the trial court ordered the Defendant to serve his sentences in confinement.

We conclude that the trial court did not err by denying the Defendant an alternative sentence. Several of the Defendant's prior criminal convictions resulted in sentences involving his release into the community. Indeed, he was on probation for theft when he committed the instant offenses. Therefore, "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant," which alone justifies the trial court's order for the Defendant to serve his sentences in confinement. See Tenn. Code Ann. § 40-35-103(1)(C). He further demonstrated his unwillingness to comply with the conditions of an alternative sentence by failing to meet and cooperate with the probation officer who prepared his presentence report. Moreover, he failed to attend his own sentencing hearing.[1] Therefore, there was ample evidence before the trial court to rebut the presumption that the Defendant was a favorable candidate for an alternative sentence. Accordingly, this issue is without merit.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

---

[1] Defense counsel stated that he had seen the Defendant and spoken to him briefly at the courthouse on the morning of the date of the sentencing hearing. For unknown reasons, the Defendant did not remain for his sentencing hearing.