# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

Assigned on Briefs September 28, 2004

## STATE OF TENNESSEE v. JASON D. LOVE

**Direct Appeal from the Circuit Court for Blount County**
**Nos. C-14464, C-14465     D. Kelly Thomas, Jr., Judge**

_____

**No. E2003-02777-CCA-R3-CD - Filed November 29, 2004**

_____

The defendant, Jason D. Love, appeals the trial court's denial of alternative sentences. The defendant pled guilty to three counts of delivery of less than .5 grams of a Schedule II controlled substance, a Class C felony. Following a hearing, the trial court denied alternative sentencing and ordered the defendant to serve his sentences in confinement. After careful review, we affirm the trial court's denial of alternative sentencing.

**Tenn. R. App. P. Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID H. WELLES, JJ., joined.

Steve McEwen (on appeal), Mountain City, Tennessee, and Raymond Mack Garner (at trial and on appeal), District Public Defender, for the appellant, Jason D. Love.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Michael A. Gallegoes, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

The defendant, Jason D. Love, entered a plea of guilty to three counts of delivery of less than .5 grams of a Schedule II controlled substance, stemming from two separate indictments that were later combined. The defendant received concurrent four-year sentences, with the manner of service to be determined by the court, and a $2000 fine on each count. The defendant timely appeals, averring that the trial court erred in denying him alternative sentences. We affirm the sentences imposed by the trial court.

At the sentencing hearing, the defendant testified on his own behalf. He stated that he was neither a drug addict nor had he sold drugs before or since his arrest. He further stated that his motivation for selling drugs was to make extra money so that he and his girlfriend could

move out of the community in which they lived.  While he admitted violating his probation on previous occasions, he contended that he was more mature and had "learn[ed his] lesson."  He testified that he lived with his girlfriend's parents and periodically helped them around the house with odd jobs and that he assisted his girlfriend's father in his charitable work with the Jaycees.

On cross-examination, the defendant admitted that he had several prior convictions and that he had committed new crimes while on probation for those convictions.  When questioned concerning a drug test that yielded positive results for cocaine and morphine, the defendant admitted that he had obtained hydrocodone from a friend to ease the pain from a knee injury he received, but denied having used cocaine.  Finally, the defendant denied stating to a presentence investigator that he had used drugs two months prior to the hearing.

The defendant also presented the testimony of his girlfriend's mother, with whom he had been living for some time.  She stated that she had known the defendant for three years, the length of time the defendant had been dating her daughter.  The witness testified that she and her daughter could assist the defendant in complying with probation by transporting him and otherwise supporting his efforts.  She also corroborated the defendant's testimony that he helped around the house and aided her husband in his activities with the Jaycees organization.  On cross-examination, the witness admitted that she had not been aware of the defendant's involvement with drugs prior to his arrest; she further admitted that she might not be aware of all of his activities.

The defendant emphasized the fact that he did not have any new convictions since his arrest on the current charges.  The defendant further asserted that he was the "smallest of street dealers" and was not a drug user.  Moreover, the defendant pointed out that he had never been convicted of a felony until the present convictions and that none of his prior convictions were for violent crimes.  Finally, the defendant averred that because of the positive environment in which he lived, he was a good candidate for rehabilitation.

The State argued that the drug offenses should not be depreciated by merely putting the defendant on probation; moreover, it averred that the defendant should be incarcerated because a deterrent was needed in the defendant's neighborhood to curb similar future activities.  Further, the State argued that measures less restrictive than confinement had proven unsuccessful with the defendant, as he had showed an unwillingness to comply with the conditions of probation in the past; therefore, the State contended such measures would be similarly ineffective in this case.

The trial court considered several issues in coming to the determination that alternative sentencing would not be appropriate in this case.  Specifically, the court cited the lengthy criminal history of the defendant, including criminal trespass, driving on a revoked license, and multiple convictions for assault.  The court further noted the fact that the defendant, while on probation for these previous offenses, violated the conditions of his probation on several occasions.  Finally, the court accorded great weight to the fact that the defendant had not taken any affirmative steps to convince the court he was an appropriate candidate for alternative sentencing.  The court found that the defendant was neither gainfully employed nor was he

seeking employment; he was not pursing his GED or any other form of formal training; and he had not attempted to obtain a driver's license. The trial judge particularly noted,

> [T]he only argument that's put forth supporting probation and Mr. Love's rehabilitation potential are things that he didn't do. He hasn't committed new criminal offenses, which is significant. But other than that, there are very few people who come to court in a sentencing hearing and have not done one single thing to indicate that they would be appropriate for probation. But you haven't.
> . . .
> I think the likelihood of your rehabilitation, with your present frame of mind, is very, very poor. As long as you have someone who is willing to do everything for you, you're not going to do anything for yourself.

Proceeding on this reasoning, the trial court denied the defendant alternative sentencing. The defendant timely appeals the findings of the trial court, contending the court erred in denying him an alternative sentence.

## Analysis

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tennessee Code Annotated section 40-35-210(b), to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). However, this presumption is not available to a defendant who commits the most severe offenses, has a criminal history showing clear disregard for the laws and morals of society, and has failed past efforts at rehabilitation. Id. § 40-35-102(5); State v. Fields, 40 S.W.3d 435, 440 (Tenn. 2001). The court should also examine the defendant's potential for rehabilitation, or lack thereof, when considering whether alternative sentencing is appropriate. Tenn. Code Ann. § 40-35-103(5).

-3-

Sentencing issues must be decided in light of the unique facts and circumstances of each case. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

The record reflects that the trial court considered the sentencing principles and all relevant facts and circumstances; therefore, our review is *de novo* with a presumption of correctness. Initially, we note that the lengthy criminal history of the defendant, along with his failure to comply with conditions of probation in the past, is sufficient to overcome the presumption of alternative sentencing. See, e.g., State v. Debra Foster, No. E2002-01825-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 493 (Tenn. Crim. App., at Knoxville, June 4, 2003). Moreover, the trial court pointed out several other facts that weaken the defendant's case for alternative sentencing. Particularly, the court noted, and we agree, that the defendant has not taken any affirmative steps to position himself for rehabilitation. Although the defendant states that he seeks to take his life in a better direction, he has failed to put any action behind his words. We are also persuaded by the trial court's reasoning that, while the environment in which he lives is positive, it enables him to remain unemployed and continue to be irresponsible in his actions. We hold that the trial court appropriately analyzed the particular facts of this case, and we agree with the trial court's reasoning and its finding that the defendant is not an appropriate candidate for alternative sentencing.

**Conclusion**

We affirm the trial court's denial of alternative sentencing.

_____
JOHN EVERETT WILLIAMS, JUDGE