IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 29, 2005

## STATE OF TENNESSEE v. NICHOLAS RIENDEAU

**Direct Appeal from the Criminal Court for Sullivan County**
**Nos. S48592; S49583; and S49650–S49653    Phyllis H. Miller, Judge**

---

**No. E2005-00576-CCA-R3-CD - Filed December 15, 2005**

---

The defendant, Nicholas Riendeau,[1] pled guilty to theft over $1,000, forgery, identity theft, two counts of possession of drug paraphernalia, possession with intent to deliver less than .5 grams of cocaine, simple possession of cocaine, possession of a schedule IV drug (clonazepam), and theft over $10,000. The trial court imposed a Range I, effective sentence of five years in the Department of Correction. In this appeal, the defendant asserts that the trial court erred by denying full probation. The judgments of the trial court are affirmed.

**Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed and Remanded**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, JJ., joined.

John D. Parker, Jr., Kingsport, Tennessee, for the appellant, Nicholas Riendeau.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; and Teresa M. Smith, Assistant District Attorney, for the appellee, State of Tennessee.

### OPINION

On November 22, 2004, the defendant entered pleas of guilty to the following offenses:

| Offense | Sentence |
| --- | --- |
| Theft over $1,000 | 2 years |
| Forgery | 1 year |
| Identity theft | 2 years |
| Possession of drug paraphernalia (2 counts) | 11 months, 29 days |
| Possession with intent to deliver less than | |

---

[1] The defendant's surname also appears in the record spelled as "Rindeau" and "Reindeau." It is the policy of this court to conform the spelling of the defendant's name to the spelling found in the indictment.

| | |
|---|---|
| .5 grams of cocaine | 3 years |
| Simple possession of cocaine | 11 months, 29 days |
| Possession of a schedule IV drug (clonazepam) | 11 months, 29 days |
| Theft over $10,000 | 3 years |

Pursuant to a plea agreement, the defendant's sentence for theft over $1,000 was to be served consecutively to all of the other sentences, resulting in an effective Range I sentence of five years. The manner of service was to be determined by the trial court.

The convictions for theft over $1,000, forgery, and identity theft related to the defendant's theft of a Chevrolet Cavalier in Kingsport and his subsequent use of a credit card found in the vehicle. One conviction for possession of drug paraphernalia related to the defendant's possession of a pipe used for smoking crack cocaine. The conviction for possession with intent to deliver less than .5 grams of cocaine and the second possession of drug paraphernalia conviction related to a theft by the defendant's girlfriend of her grandmother's purse. A search by police incident to the arrest of his girlfriend resulted in the discovery of the cocaine and drug paraphernalia. The convictions for simple possession of cocaine and possession of a schedule IV drug (clonazepam) related to seizure of the drugs by police during their investigation into a complaint involving the use of a gun. The conviction for theft over $10,000 related to the defendant's theft of a Dodge Stratus in Kingsport.

At the sentencing hearing, the defendant testified that he supported his six-year-old son. He acknowledged his drug problem, promised to make efforts toward rehabilitation, and agreed to any restitution the court might find appropriate. He explained that if he received a probationary sentence, he would live with his former mother-in-law and work as a project manager for a construction company, earning at least $15.00 per hour. On cross-examination, the defendant admitted to being untruthful with the probation officer as to the sequence of events surrounding the theft of the Chevrolet Cavalier. He also confirmed prior convictions in Virginia, including grand larceny.

Susan Seymore, the defendant's former mother-in-law, testified that the defendant was a good father. She confirmed that he had a good relationship with his son and provided him with support. It was her opinion that he had taken full responsibility for his actions and was genuinely remorseful. Ms. Seymore expressed concern about his drug problem but asserted that she and her family were willing to assist him by providing moral support, housing, and transportation. She confirmed that the defendant had a construction job available to him if he were to be granted probation.

The trial court denied probation based primarily upon the defendant's criminal history, which included convictions in Florida for possession of cocaine, two counts of possession of marijuana, possession of drug paraphernalia, driving with a suspended license, two counts of third degree grand theft, and two counts of forgery. The trial court observed that after the defendant received a sentence of two years of "community control," he violated the terms of that sentence one month short of completion by absconding from supervision, which resulted in six months of incarceration. The trial court also observed that the defendant had been convicted of criminal trespass, unauthorized use of

a vehicle, and two counts of grand larceny in Virginia. Based upon those observations, the trial court determined that his criminal history demonstrated a clear disregard for the laws and morals of society and that his previous probation revocation demonstrated a failure of past efforts at rehabilitation. Other factors found to weigh against probation were that the defendant was a leader in the commission of offenses involving two or more people and that one of his offenses involved more than one victim. See Tenn. Code Ann. § 40-35-114(3), (4). Factors that the trial court considered as favorable were that his criminal conduct neither caused nor threatened serious bodily injury, for which the court gave "very little credit," see Tenn. Code Ann. § 40-35-113(1), and that he voluntarily confessed his guilt, for which the court gave "some credit." The trial court also considered the defendant's marriage to his son's mother a "plus" and noted that he had a "good education history . . . where [he] could do more than sell drugs and steal and burglarize people's houses and forge checks." In denying probation, the trial court found that the enhancement factors "far, far outweigh[ed]" any mitigating factors.

In this appeal, the defendant contends that the trial court erred by ordering a fully incarcerative sentence. He asserts that he should have been granted probation.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401 (2003), Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210 (2003); State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

An alternative sentence is any sentence that does not involve total confinement. See State v. Fields, 40 S.W.3d 435 (Tenn. 2001). As a standard offender convicted of class A misdemeanors and class C, D, and E felonies, the defendant is presumed to be a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6). In addition, because the sentence imposed is eight years or less, the trial court was required to consider probation as a sentencing option. See Tenn. Code Ann. § 40-35-303(a), (b).

The trial court's determination of whether the defendant is entitled to an alternative sentence and whether the defendant is a suitable candidate for full probation are different inquiries with different burdens of proof. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). When, as here, the defendant is entitled to the statutory presumption favoring alternative sentencing, the state must overcome the presumption by the showing of "evidence to the contrary." Ashby, 823 S.W.2d at 169; State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995), overruled in part on other grounds by State v. Hooper, 29 S.W.2d 1 (Tenn. 2000); see Tenn. Code Ann. §§ 40-35-102(6), -103 (2003). Conversely, it is the defendant who has the burden of demonstrating his suitability for total probation. Bingham, 910 S.W.2d at 455; see Tenn. Code Ann. § 40-35-303(b) (2003).

In this instance, the trial court considered the testimony at the sentencing hearing, the presentence report, arguments of counsel, the nature and characteristics of the offenses, all mitigating and enhancing factors, statements made by the defendant, and the defendant's potential for rehabilitation. See Tenn. Code Ann. §§ 40-35-102, -103, -210 (2003); State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987). The record establishes that the thirty-six-year-old defendant had thirteen prior convictions, twelve of which were during a five-year period. Moreover, the record indicates that the defendant had an unsuccessful probation in the past. In consequence, it is our view that the trial court properly denied full probation based upon the defendant's criminal record.

Accordingly, the judgments of the trial court are affirmed. The cause is remanded for the trial court to modify the judgment form in case number S49653 to reflect that the defendant entered a guilty plea.

_____
GARY R. WADE, PRESIDING JUDGE

-4-