# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs October 24, 2006

## STATE OF TENNESSEE v. JACOB ALLEN REYNOLDS

**Direct Appeal from the Circuit Court for Blount County**
No. C-15553     D. Kelly Thomas, Jr., Judge

_____

**No. E2005-02768-CCA-R3-CD - Filed March 30, 2007**

_____

The defendant, Jacob Allen Reynolds, pled guilty to one count of vandalism (Class C felony) and, after a sentencing hearing, was ordered to serve four years of confinement in the Department of Correction as a Range I, standard offender.  Additionally, he was ordered to pay restitution to the victims in the amount of $11,407.75.  On appeal, the defendant contends that the trial court erred in sentencing him to four years of confinement.  After careful review, we hold that no error exists and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Kristi M. Davis, Knoxville, Tennessee (on appeal), and Charles A. Carpenter, Maryville, Tennessee (at trial), for the appellant, Jacob Allen Reynolds.

Robert E. Cooper, Jr., Attorney General and Reporter; David E. Coenen, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Rocky H. Young, Assistant District Attorney General, for the appellee, Jacob Allen Reynolds.

## OPINION

Facts and Procedural History

The defendant and four co-defendants were responsible for vandalizing a Maryville restaurant, La Lupita.  After the vandals broke the windows and doors, they entered the restaurant and damaged a stand-alone cooler.  They spray-painted the building and a car with swastikas, White Power, and SS Power signs.  The defendant claimed they did not have any racial motivation for the vandalism but acknowledged they were trying to upset the owners of the Mexican restaurant and grocery store.  Although the defendant claimed that he was not a racist and was sorry for his actions,

he acknowledged that he listened to racist songs and believed that Adolph Hitler was an intelligent and "war-wise" man.

During the sentencing hearing, the defendant admitted that he had previously been in trouble, which included being expelled from school for fighting and for carrying a weapon to school. He further admitted that he was placed on probation for those incidents and that he later violated that probation by fighting at school. He was placed on intensive probation and was eventually sent to Mountain View Youth Development Center and to Taft Youth Development Center for probation violations. He had also been placed on probation previously and had been ordered to pay restitution for stealing golf carts. He acknowledged having an extensive criminal history and testified that he had several additional delinquent adjudications as a juvenile.

The detective that headed the investigation into the vandalism testified at the sentencing hearing that it was the defendant's idea to vandalize the restaurant.

Analysis

The defendant argues that the trial court improperly sentenced him to serve four years in confinement. Specifically, he contends that the trial court improperly applied enhancement and mitigating factors and erred by denying alternative sentencing. The State argues that the trial court properly sentenced the defendant to four years of confinement.

I. Enhancement and Mitigating Factors:

First, the defendant argues that the trial court failed to apply appropriate mitigating factors and incorrectly applied enhancement factors. He asserts that the trial court should have applied Tennessee Code Annotated section 40-35-113(6), a mitigating factor that considers a defendant's llack of substantial judgment in committing the offense because of youth or old age. To support his claim, he points to his "troubled youth" and alcohol and drug abuse; he contends that he simply lacked judgment in his actions and that he had never been given the tools with which to make appropriate decisions. The State argues that the defendant's juvenile delinquent history provided him with all the tools he would need to make the appropriate decision in this situation. The State asserts, and we agree, that the defendant had the ability to appreciate the nature of his conduct; the vandalism was simply another criminal act to add to his history of unlawful conduct. This court has previously held that a defendant's extensive involvement with the criminal and juvenile justice systems may negate this mitigating factor. See State v. Carter, 908 S.W.2d 410, 413 (Tenn. Crim. App. 1995).

He also argues that the court should have considered the defendant's remorse as a mitigating factor, pursuant to Tennessee Code Annotated section 40-35-113(13). In support of his argument, the defendant cites testimony at the sentencing hearing when he said that he was truly sorry for his actions and that he felt ashamed. He contends that the six months he spent in jail allowed him the opportunity to reflect on his behavior and that he desired to take his life in a different direction. The

State argues that the defendant provided no evidence of his remorse other than his own testimony and cites to this court's decision in State v. Williamson, 919 S.W.2d 69, 83 (Tenn. Crim. App. 1995), in which a panel of this court stated that "the mere speaking of remorseful words or a genuflection in the direction of remorse will not earn an accused a sentence reduction." The State correctly points out that, during the sentencing hearing, the defendant failed to accept responsibility for his actions. He denied spray painting racist messages even though the trial court concluded that the defendant's involvement was clear. It was further pointed out during the sentencing hearing that the defendant initially blamed his co-defendants, minimized his own involvement, and was untruthful about his part in the spray-painting. The record reflects that the defendant failed to demonstrate his remorse and to accept responsibility for his actions; therefore, mitigating factor (13) is not applicable.

The defendant argues that the trial court improperly enhanced his sentence by applying Tennessee Code Annotated section 40-35-114(17): that "the defendant intentionally selected the person against whom the crime was committed or selected the property that was damaged or otherwise affected by the crime, in whole or in part, because of the defendant's belief or perception regarding the race, religion, color, disability, sexual orientation, national origin, ancestry, or gender of that person or the owner or occupant of that property. . . ." The trial court found that three enhancement factors applied to the defendant's sentence, but the defendant contests only enhancement factor (17) on appeal. The defendant claims that his actions were not motivated by racial animosity. The State argues that the circumstances of the offense show otherwise, and we agree. The defendant claimed that the "iron-cross" he painted was a symbol of the West Coast Choppers and was also symbolic of independence in Ireland. The defendant's actions in spray painting this symbol on the car outside the restaurant, considered along with the evidence that the co-defendants painted racist and hate symbols on the restaurant, make it likely that this symbol was painted to complement the other symbols. Further, the defendant's admission that he had listened to music containing racist messages and that he believed Adolph Hitler was an intelligent and "war-wise" man is contrary to his contention that he was not a racist or that the property owner's race had no bearing on this crime. Based on this evidence, the trial court properly applied enhancement factor (17) in sentencing the defendant.

Under the sentencing guidelines, if there are enhancing and mitigating factors for a Class C felony, the court must start at the minimum sentence in the range, enhance within the range as appropriate for the enhancement factors, and then reduce the sentence within the range for the mitigating factors. T.C.A. § 40-35-210(e). The record demonstrates that the trial court complied with the sentencing guidelines and that the defendant's arguments as to enhancement and mitigating factors are without merit. The trial court properly enhanced the sentence of the defendant one year above the minimum sentence in the range.

II. Alternative Sentencing

Next, the defendant argues that the trial court erred in denying him an alternative sentence. He contends that he was eligible for both probation and community corrections and that the trial

court's denial of these alternatives to confinement was improper. The State argues that the trial court appropriately sentenced the defendant and contends that the defendant's extensive record supports the trial court's sentencing determinations. We agree.

Initially, we note that an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. T.C.A. § 40-35-102(6). However, this presumption is not available to a defendant who commits the most severe offenses, has a criminal history showing clear disregard for the laws and morals of society, and has failed past efforts at rehabilitation. Id. § 40-35-102(5); State v. Fields, 40 S.W.3d 435, 440 (Tenn. 2001). The court should also examine the defendant's potential for rehabilitation, or lack thereof, when considering whether alternative sentencing is appropriate. T.C.A. § 40-35-103(5). Sentencing issues must be decided in light of the unique facts and circumstances of each case. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

In determining if incarceration is appropriate, a trial court may consider: the need to protect society by restraining a defendant having a long history of criminal conduct; the need to avoid depreciating the seriousness of the offense; whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses; and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. T.C.A. § 40-35-103(1); see also State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In the instant case, the court found that the presumption for alternative sentencing was overcome because the defendant had an extensive delinquent and criminal history and had failed at numerous past efforts at rehabilitation. The defendant admitted during his testimony at the sentencing hearing that he violated his juvenile probation numerous times, so much so that he was committed to two different juvenile rehabilitation centers. Further, the court found that the defendant began committing delinquent acts just a few months after his release from one facility and that he committed this major felony in just a little more than a year after he left Taft Youth Development Center. The trial court properly found that confinement was necessary to avoid depreciating the seriousness of the offense. The defendant's criminal activity was a hate crime, and the trial court sentenced him appropriately. Additionally, the trial court properly found that measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. This defendant had numerous opportunities to comply with the requirements of his prior probation and failed to do so each time.

The defendant also argues that the trial court erred in denying him the opportunity to serve his sentence on community corrections. However, the trial court found the defendant did not meet those requirements. His extensive delinquent and criminal history and his numerous failed past efforts at rehabilitation were proper for the trial court to consider. The burden is on the appealing party to show that his sentence is improper. T.C.A. § 40-35-401(d), Sentencing Commission Comments. The defendant, quite simply, has not met his burden of showing that the sentence imposed by the trial court is improper. Therefore, we conclude that the trial court properly sentenced the defendant to four years of confinement.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE