IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 30, 2007

**STATE OF TENNESSEE v. KARL DANIEL FORSS**

**Appeal from the Circuit Court for Cocke County**
**No. 9950    Rex Henry Ogle, Judge**

**No. E2007-01349-CCA-R3-CD - Filed January 30, 2008**

The Appellant, Karl Daniel Forss, appeals the sentencing decision of the Cocke County Circuit Court. Under the terms of a plea agreement, Forss entered "open" pleas of guilty to the offenses of attempted aggravated robbery, aggravated assault, and aggravated criminal trespass. The plea agreement provided that the length and manner of the sentences would be determined by the trial court, that Forss would be sentenced as a Range I, standard offender, that the aggravated assault conviction would merge with the attempted aggravated robbery conviction, and that the misdemeanor sentence for the aggravated criminal trespass conviction would run concurrently with the attempted aggravated robbery conviction. Following the sentencing hearing, the trial court imposed an effective sentence of six years in confinement. Forss now appeals the length and manner of his six-year felony sentence. After a thorough review of the record and the arguments of the parties, we modify Forss' six-year sentence for attempted aggravated robbery to reflect a sentence of four years. We affirm the denial of alternative sentencing. We remand to the trial court for entry of an amended judgment to reflect this sentencing modification.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Modified in Part; Affirmed in Part**

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES, J., joined. D. KELLY THOMAS, JR., J., filed a dissenting opinion.

Barry H. Valentine, Newport, Tennessee, for the Appellant, Karl Daniel Forss.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Al C. Schmutzer, Jr., District Attorney General; James B. Dunn and Amanda H. Inman, Assistant District Attorneys General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

On July 10, 2006, the Appellant was indicted on one count of attempted aggravated robbery, one count of aggravated assault, and one count of aggravated criminal trespass. On September 18,

2006, the Appellant entered open guilty pleas to these charges in the Cocke County Circuit Court. The plea agreement provided that the Appellant would be sentenced as a Range I, standard offender and that the length and manner of the sentence would be determined by the trial court. The agreement also provided that the aggravated assault conviction would merge into the attempted aggravated robbery conviction and that the sentence for aggravated criminal trespass would be served concurrently with the sentence for attempted aggravated robbery. At the plea hearing, the State summarized its proof as follows:

> [O]n April 31st of 2006, the [Appellant] . . . went to Patsy Neal's residence . . . here in Cocke County. He was a neighbor of Ms. Neal. At 10:05 p.m. he knocked on the door and asked to use the phone. She did recognize [the Appellant]. She gave him her cell phone and he asked to come inside because he said he couldn't see the numbers on the phone. Once he stepped inside he shut the door and locked it. The [Appellant] pulled out a hammer and demanded money from Ms. Neal and the keys to her car.
>
> Ms. Neal attempted to calm the [Appellant] by speaking to him. He became angry and hit the wall with the hammer next to her head. At that time she went upstairs and [the Appellant] followed her up the stairs. He attempted to enter the room after she shut the door and locked it by banging on the door with the hammer at that time. Ms. Neal retrieved a gun that was in the room and fired it. When she fired the gun [the Appellant] fled the residence.[1] She then called 911.

A sentencing hearing was held on January 8, 2007, at which the victim and the Appellant testified, and a collective exhibit was admitted into evidence. The exhibits included a lengthy handwritten letter from the Appellant directed to the victim, a presentence report prepared by the State of Tennessee Board of Probation and Parole, a letter from the current employer of the Appellant, and a victim impact statement.[2] Following the sentencing hearing, the trial court imposed the maximum sentence of six years for attempted aggravated robbery, a Class C felony, and eleven months and twenty-nine days for aggravated criminal trespass, a Class A misdemeanor. As provided by the plea agreement, the sentences were ordered to run concurrently.

**Analysis**

---

[1] We note that the proof at the sentencing hearing established that the victim attempted to shoot above the Appellant's head as he struck her door with the hammer, but the forty year-old pistol she was using had jammed. She testified that she had then stood at her window screaming for help and that she saw the Appellant coming out of the front door of the residence and that he looked at her. The victim testified that she began pulling the trigger again, "spray[ing] the whole neighborhood with bullets," before the Appellant fled the property. According to the Appellant, once he struck the victim's door with the hammer, he "somewhat [came] to [his] senses" and ran outside.

[2] The victim stated that she held no ill feelings toward the Appellant but that his actions changed her life, and she no longer felt safe in her own home. The victim impact statement further notes, "[I]t is my hope that if [Appellant] is given jail time, he can accept the jail time as being a result of what he did and the choices he made."

When a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record with a presumption that the determinations made by the court from which the appeal is taken are correct. T.C.A. § 40-35-401(d) (2006). As the Sentencing Commission Comments to this section note, the burden is on the appealing party to show that the sentencing is improper. T.C.A. § 40-35-401, Sentencing Comm'n Comments. This means that if the trial court followed the statutory sentencing procedure, made findings of facts that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing, we may not disturb the sentence even if a different result was preferred. *State v. Ross*, 49 S.W.3d 833, 847 (Tenn. 2001). The presumption does not apply to the legal conclusions reached by the trial court in sentencing a defendant or to the determinations made by the trial court that are predicated upon uncontroverted facts. *State v. Dean*, 76 S.W.3d 352, 377 (Tenn. Crim. App. 2001); *State v. Butler*, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); *State v. Smith*, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994).

In conducting a *de novo* review of a sentence, we must consider: (1) any evidence received at the trial and/or sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancement factors; (6) any statements made by the defendant on his or her own behalf; and (7) the potential for rehabilitation or treatment. *See* T.C.A. § 40-35-210 (2006); *State v. Taylor*, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001).

On appeal, the Appellant argues that the trial court misapplied certain enhancement factors and failed to apply applicable mitigating factors in reaching its decision to sentence the Appellant to six years' incarceration. The Appellant further submits that the trial court abused its discretion in determining that a sentence of confinement was necessary to avoid depreciating the seriousness of the offense, thus denying the Appellant any form of alternative sentencing. Finally, the Appellant asserts that certain comments of the trial judge during sentencing evince his improper consideration of religion in reaching its decision.

## I. Length of Sentence

We first address the Appellant's argument that the trial court misapplied enhancement factors and failed to apply mitigating factors at sentencing, resulting in the maximum possible sentence of six years as a Range I, standard offender. The Appellant's criminal conduct, which is the subject of this appeal, occurred subsequent to the enactment of the 2005 amendments to the Sentencing Act, which became effective June 7, 2005. The length of a sentence may only be appealed under the 2005 amendments upon grounds (1) "that the sentence was not imposed in accordance with this chapter" or (2) that the sentence is excessive under the sentencing considerations of Tennessee Code Annotated section 40-35-210. *See* T.C.A. § 40-35-401(b)(1), (2).

The 2005 Amendment deleted appellate review of the weighing of the enhancement and mitigating factors, as it rendered the enhancement and mitigating factors merely advisory and non-

binding in the sentencing determination. Accordingly, we conclude that error in the application of an enhancing factor or factors will not necessarily require modification of the sentence if the sentencing record reflects that in determining the specific sentence length, the trial court considered the provisions of Tennessee Code Annotated section 40-35-210 (b)(1), (2), (3), (4), (5), (6), and (7). Included within these subsections is the requirement that the trial court is to consider "[e]vidence and information offered by the parties on the mitigating and enhancement factors set out in § T.C.A. 40-35-113 and 40-35-114." T.C.A. § 40-35-210(b)(5). Under these guidelines, we proceed to review the Appellant's argument that the misapplication of enhancement factors and the non-application of mitigating factors resulted in an erroneous sentence.

At the sentencing hearing, the trial court applied two enhancing factors: (1) that the Appellant has a previous history of criminal convictions or behavior; and (2) that the Appellant had no hesitation about committing a crime when the risk to human life was high. *See* T.C.A. § 40-35-114 (1), (10) (2006). The Appellant concedes the application of factor (1), nonetheless, he urges us to consider the fact that none of his prior convictions were violent. The record reflects that the Appellant has the following prior convictions: (1) a 1997 DUI conviction in Tennessee; (2) three prior DUI convictions in New Jersey; and (3) a 1994 conviction in New Jersey for "taking a motor vehicle without consent."[3] Based upon these prior convictions, we conclude that the record supports application of enhancement factor (1). However, with regard to enhancement factor (10), we conclude that application of this factor was error. This court has held that "there is necessarily a high risk to human life and the great potential for bodily injury whenever a deadly weapon is used." *State v. Nix*, 922 S.W.2d 894, 903 (Tenn. Crim. App. 1995); *see also State v. Brian Eric McGowen*, No. M2004-00109-CCA-R3-CD (Tenn. Crim. App. at Nashville, Aug. 18, 2005) (the high risk to human life is inherent in the offense of especially aggravated robbery).

On appeal, the State argues that, "even assuming the misapplication of [enhancement factor (10)], the record undoubtedly supports the conclusion that [the Appellant] . . . abused a position of trust as the victim's neighbor." *See* T.C.A. § 40-35-114(14). However, in *State v. Gutierrez*, 5 S.W.3d 641 (Tenn. 1999), our supreme court held that, "[a]pplication of [this] factor requires a finding, first, that the defendant occupied a position of trust, either public or private." 5 S.W.3d at 645. The position of parent, step-parent, babysitter, teacher, coach are but a few obvious examples. *Id*. The determination of the existence of a position of trust does not depend on the length or formality of the relationship but, rather, upon the nature of the relationship. *Id*. In *State v. Edd Stepp*, No. E2005-02178-CCA-R3-CD, (Tenn. Crim. App. at Knoxville, Nov. 2, 2006), a panel of this court held, "[t]he mere existence of a friendship . . . does not establish "private trust." *See also Gutierrez,* 5 S.W.3d at 646 (holding that a 'live-in' relationship, where two people live together as man and wife, does not establish a 'private trust')." Similarly, we conclude that the mere relationship of "neighbor" is insufficient to support a finding of private trust.

_____

[3] It is unclear whether this crime is classified as a felony or misdemeanor under New Jersey law. The disposition reflects a sentence of "1 day in jail, 2 years probation, fine and cost."

-4-

No mitigating factors were applied by the trial court following the sentencing hearing. At the hearing, and on appeal, the Appellant argues that the following mitigating proof supports application of the catchall mitigating factor (13): (1) "The [Appellant] has undergone treatment and has completed the Adult Intensive Outpatient program at Cherokee Health Systems" and (2) "the [Appellant] has unequivocally accepted full responsibility for his conduct." The record confirms that, subsequent to the charges in the instant appeal, the Appellant voluntarily attended a two-month outpatient substance abuse program, which he successfully completed on August 14, 2006. Moreover, the record supports the Appellant's contention that he has repeatedly expressed to the victim, both prior to the sentencing hearing and at the sentencing hearing, his sincere remorse for his conduct. Accordingly, we conclude that application of mitigating factor (13) is warranted.

The proof at the sentencing hearing further established that the thirty-three year old Appellant dropped out of high school in the tenth grade. The Appellant resides with his girlfriend, and they are the parents of a one-year-old child. The Appellant's employer reported that the Appellant "is an asset to our company [and] . . . has a great attendance record."

Our Sentencing Act provides that "[t]he minimum sentence within the range of punishment is the sentence that should be imposed . . . ." T.C.A. § 40-35-210(c)(1). The Act also states that "[t]he sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in section 40-35-113 and 40-35-114." *Id*. at (c)(2). The sentence length for the Class C felony offense of attempted aggravated robbery within Range I is three to six years.

Following *de novo* review of the sentencing proof, as previously noted, we find that the application of one enhancement factor, factor (1), and the application of one mitigating factor, factor (13), are supported by the record. Following our statutory duty to begin with the minimum sentence of three years and "adjust" for the presence of enhancement factor (1) and the presence of mitigating factor (13), we conclude that a sentence of four years is appropriate after consideration of all sentencing principles and relevant facts.

## II. Denial of Alternative Sentencing

We next turn to the Appellant's argument that the trial court erred by not allowing him to serve his sentence through probation or split confinement. A defendant who does not possess a criminal history showing a clear disregard for the laws and morals of society, who has not failed past rehabilitation efforts, and who is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. *See* T.C.A. § 40-35-102(6) (2006); *State v. Fields*, 40 S.W.3d 435, 440 (Tenn. 2001). As held by our supreme court in *Fields*,

> this presumption of alternative sentencing may be rebutted by "evidence to the contrary." Guidance as to what constitutes evidence to the contrary may be found in

the following sentencing considerations contained in Tennessee Code Annotated section 40-35-103(1) (1997):

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is especially suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

*Fields*, 40 S.W.3d at 440.

The guilty pleas entered by the Appellant resulted in convictions for attempted aggravated robbery and aggravated criminal trespass, a Class C felony and Class A misdemeanor, respectively. Accordingly, the Appellant is entitled to the presumption that he is a favorable candidate for alternative sentencing. At the conclusion of the sentencing hearing, the trial court found that a sentence other than confinement would depreciate the seriousness of the offense.

In order to deny an alternative sentence based on the seriousness of the offense, the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree, and the nature of the offense must outweigh all other factors favoring a sentence other than confinement. *State v. Trotter*, 201 S.W.3d 651, 654-55 (Tenn. 2006) (citations omitted). While in no way attempting to minimize the nature of the criminal conduct involved, the record indicates that the Appellant never touched the victim, nor, for that matter, never even threatened the victim with harm. Accordingly, we are unable to conclude from the proof before us that the Appellant's conduct was so especially violent, horrifying, or reprehensible, as defined in *Trotter*, to deny an alternative sentence.

Notwithstanding our conclusion that the proof fails to support an incarcerative sentence under the statutory considerations of Tennessee Code Annotated section 40-35-102(b), we, nonetheless, conclude that an incarcerative sentence is warranted under subsection (c). Subsection (c) provides that a sentence of confinement may be imposed when "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant."

The Appellant's criminal history reflects that he has frequently received sentences in which probation was granted. In 1997, the Appellant was placed on probation for one year following his conviction for DUI. In 1994, the Appellant was placed on probation for two years following a conviction in New Jersey. The Appellant acknowledges that he has routinely abused alcohol and drugs and that he was "really high on crack cocaine" on the date of the instant crimes. Again, the record reflects that the Appellant has received treatment in the past on multiple occasions without success. Indeed, the pre-sentence report indicates that, "[T]he defendant has related past treatment on at least three occasions. Based on these observations and responses of this Defendant he would

be considered a high risk to be successful on any type of supervised release." Accordingly, we conclude that a sentence of confinement is warranted under the facts.

## III. Improper Consideration of Religion in Sentencing

Finally, the Appellant contends that the trial court improperly considered religion in reaching its sentencing decision. Tennessee Code Annotated section 40-35-102(4) (2006) provides that "[s]entencing should exclude all considerations respecting . . . religion . . . of the individual." At the sentencing hearing, the prosecutor questioned the Appellant as follows regarding the contents of a letter that he had written to the victim apologizing to her for his actions:

> Q. Further in your letter, and I'll refer the Court to page 3, you told Ms. Neal that, "I deserve whatever punishment is handed down to me;" is that true?
> A. Yes.
> Q. And that you believe God allowed this to happen to you and Ms. Neal?
> A. I believe –
> Q. Is that true?
> A. Yes.

Later at the hearing, the trial court stated in part:

> Throughout his statements, throughout his testimony, the [Appellant] talks about his drug use. In looking at the probation or pre-sentence report, he obviously has had drug use for some period of time, has, he said, bought or obtained cocaine and used it, which is illegal possession of drugs, which means he's dealing with drug dealers. He blames everything on drugs. Well, while drugs may inhibit him from always recognizing the seriousness of his offenses, drugs and alcohol are no excuse for doing any type of crime and no defense to a crime. The Court just about fell out of his chair when he said that God allowed this to happen. For some reason I bet Ms. Neal doesn't look at it that way. I suspect that she feels like probably that God allowed her to survive. And while I'm not making any judgment about whether or not that, in fact, happens one way or another, the Court is incredulous over that statement.

The Appellant relies solely upon the latter remarks by the trial court in support of his argument on this issue. In response, the State argues that "the record supports the conclusion that the trial court found that the [Appellant] was trying to deflect responsibility for his crime by contending that since God allowed the crime to happen, the [Appellant] was absolved of any blame." The State submits that this stated belief of the Appellant evinces a failure to accept responsibility and, accordingly, bears on the Appellant's rehabilitative prospects, which were properly considered by the trial court under principles of sentencing.

The comments of the trial court relied upon by the Appellant, as to his claim that the trial court improperly considered religion in sentencing, related to the Appellant's testimony at the

sentencing hearing and were made with specific reference to a letter written by the Appellant to the victim in this case. Statements made by a defendant on his own behalf may be considered by a sentencing court. *See* T.C.A. §§ 40-35-210(b); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). We conclude that the transcript of the sentencing hearing clearly reflects that the trial court did not improperly consider the Appellant's religious beliefs in reaching its sentencing decision. This issue is without merit.

## CONCLUSION

Based upon the foregoing and the record as a whole, we modify the Appellant's six-year sentence for attempted aggravated robbery to reflect a sentence of four years. The trial court's denial of an alternative sentence is affirmed. We remand the case for entry of an amended judgment consistent with this opinion.

_____
DAVID G. HAYES, JUDGE