# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### September 7, 2000 Session

## STATE OF TENNESSEE  v.  KENYETTA FIELDS

**Appeal By Permission from the Court of Criminal Appeals**
**Criminal Court for Greene County**
**No.  97-CR-440   Hon. James E. Beckner, Judge**

---

**No. E1998-00388-SC-R11-CD - Filed January 19, 2001**

---

The issue raised on this appeal is whether the defendant's conviction of the Class C felony of facilitation of an illegal drug transaction within 200 yards of a school overcomes the presumption in favor of alternative sentencing so as to  justify a sentence of confinement.  The trial court and the Court of Criminal Appeals found confinement necessary to avoid depreciating the seriousness of the offense.  We conclude that the evidence presented is insufficient to overcome the presumption of alternative sentencing.  Therefore, we  reverse the judgment of the Court of Criminal Appeals and remand this case to the trial court to determine an appropriate alternative sentence.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal**
**Appeals Reversed; Case Remanded**

WILLIAM M. BARKER, J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., ADOLPHO A. BIRCH, JR., and JANICE M. HOLDER, JJ., joined.  FRANK F. DROWOTA, III, J., not participating.

Greg W. Eichelman, Morristown, Tennessee, for the appellant, Kenyetta Fields.

Paul G. Summers, Attorney General & Reporter; Michael E. Moore, Solicitor General; Mark E. Davidson, Assistant Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee.

# OPINION

On November 12, 1996, defendant Kenyetta Fields participated in the sale of crack cocaine to undercover TBI agent Mike Hannon. At 5:12 p.m., Hannon and a confidential informant parked their car behind a Hyundai Excel containing Fields and his passenger, James Henry Davis. Davis emerged from the car, leaving Fields in the driver's seat, and approached Hannon, asking him what he wanted. Hannon requested $250.00 worth of crack cocaine. Davis returned to the Hyundai and got back into the front passenger seat. Hannon testified that he observed an "exchange" between Davis and Fields. Although he did not actually see anything change hands, he witnessed Davis and Fields converse with each other. Davis returned to Hannon with a 1.5 gram "rock" of cocaine. At this time, Hannon paid Davis $260.00, causing Davis to go back to Fields's car to get change. Davis and Fields entered into an even more extensive conversation before Davis, delivering change, returned to Hannon's car for the last time. Subsequently, Fields and Davis were both arrested and indicted for the sale of cocaine.

Fields, tried separately before a jury, was convicted of the lesser-included offense of facilitation of the sale of cocaine, a Class C felony. At the trial, one of the State's witnesses, agent Tim Ward of the Drug Task Force, testified that the drug transaction had taken place near a school. Specifically, he testified that the transaction occurred near "George Clem" school, which was, "as the crow flies, less than 200 yards" from where the transaction occurred. However, agent Ward did not elaborate on whether the school is a preschool, elementary, middle, or high school, vocational school, or an alternative learning facility. Nor does the record indicate whether, at 5:12 p.m., the school was open, whether it was visible from the location of the drug transaction, or whether children were within the vicinity. And finally, there is no evidence that the area surrounding the school was frequently subject to drug-related activity.

At the sentencing hearing, the State argued that the agent's trial testimony potentially invoked the Drug-Free School Zone Act (Act), Tenn. Code Ann. § 39-17-432 (Supp. 1999).[1] Although the State did not indict Fields under the Act, the State had previously filed with the court a notice of intent to seek an increased sentence and had included as potential sentence enhancement factors Fields's criminal history and the Drug-Free School Zone Act. The trial judge concluded that because the Act was not referred to in the indictment, the court could not use the Act to "sentence the defendant in a higher class of felony than that for which he was charged and set out in the indictment." However, he decided to use the Act as an enhancement factor to increase the length of Fields's sentence within the classification.

In addition, although the trial judge found that Fields was entitled to the presumption of alternative sentencing, see Tenn. Code Ann. § 40-35-102 (1997), he nevertheless determined that the

---

[1] The Drug-Free School Zone Act enhances criminal penalties for drug offenses violating Tennessee Code Annotated section 39-17-417 that occur within one thousand feet of school property.

presumption had been overcome and that confinement was a more appropriate sentence. His rationale was based on

> the prior record and the circumstances of this offense, the fact that it involved crack cocaine, the need to deter, and the fact that the defendant has a history according to him of use of crack cocaine, or the use of cocaine at least, [and] the fact that his employment record doesn't appear to be good from this record.

Consequently, Fields, a Range I offender convicted of a Class C felony, was subject to a sentencing range of three to six years, but, applying the enhancement factors, the trial court sentenced him to four years and six months in the Tennessee Department of Correction. He was also fined $50,000 as recommended by the jury.

The Court of Criminal Appeals affirmed the enhancement of Fields's sentence based on his pre-sentence report listing his previous misdemeanor convictions.[2] However, the court rejected the use of the Drug-Free School Zone Act as an enhancement factor. Quoting State v. Dykes, 803 S.W.2d 250, 258 (Tenn. Crim. App. 1990), the court stated that "'[t]he factors contained in §§ 40-35-113 and -114 are the exclusive factors which may be considered in setting the length of a sentence within a given range.'" Therefore, the court reduced Fields's sentence from four and one-half to four years, justifying the one-year enhancement solely on his criminal history.[3]

The Court of Criminal Appeals also affirmed the trial court's decision to forego alternative sentencing in favor of a sentence of total confinement to "avoid depreciating the seriousness of the defendant's offense." Relying on the Tennessee legislature's desire to curtail drug-related offenses within a school zone as evidenced by the Drug-Free School Zone Act, the court determined that Fields's activity was "especially reprehensible," thereby warranting total incarceration. From this determination, Kenyetta Fields requested, and we granted, permission to examine this single issue: whether his conviction of facilitation of a drug transaction in close proximity to a school overcomes the presumption of alternative sentencing and instead, warrants a sentence of confinement.

## STANDARD OF REVIEW

When a defendant appeals a sentence, the reviewing court shall review the record *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (1999). If the court finds that "the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given

---

[2] Fields's prior criminal history includes: two convictions of unlawfully carrying or possessing a weapon, and two convictions of driving without a license.

[3] The Court also found that the $50,000 fine exceeded the maximum allowable fine for Class C felonies as set forth in Tennessee Code Annotated section 40-35-111(b)(3) (1997). Thus, the Court remanded the case for a jury to assess a new fine within the statutory limits. See Tenn. Const. art. VI, § 14; State v. Martin, 940 S.W.2d 567, 570-71 (Tenn. 1997).

due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings are adequately supported by the record," then the burden is on the defendant to prove that the sentence was not appropriate. State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000) (citing State v. Pike, 978 S.W.2d 904, 926-27 (Tenn. 1998); Tenn. Code Ann. § 40-35-401(d)(1997)).

In determining an appropriate sentence, the appellate court must consider the following: (1) any evidence from the trial and sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing; (4) the nature and characteristics of the offense; (5) information offered by the parties concerning enhancing and mitigating factors as found in Tennessee Code Annotated sections 40-35-113 and 114; and (6) the defendant's statement in his or her own behalf concerning sentencing. Tenn. Code Ann. § 40-35-210(b) (1997). As a defendant with no significant criminal history convicted of a Class C felony, the defendant was "presumed to be a favorable candidate for alternative sentencing." Tenn. Code Ann. § 40-35-102(6). However, this presumption can be overcome by "evidence to the contrary." Id.

### ANALYSIS

The State argues that the defendant's facilitation of the delivery of crack cocaine within 1,000 feet of a school is a circumstance of the offense warranting a denial of alternative sentencing. In support of its argument, the State looks to the intent of the General Assembly to establish drug-free school zones as evidence of the seriousness of the offense; moreover, the State cites to the explicit language in the Drug-Free School Zone Act, Tenn. Code Ann. § 39-17-432 (Supp. 1999),[4] to argue that confinement is necessary to serve as a deterrent to this type of "unacceptable conduct."

---

[4] The Act states, in pertinent part, that

    (a)    [i]t is the intent of this section to create Drug-Free School Zones for the purpose of providing all students in this state an environment in which they can learn without the distractions and dangers that are incident to the occurrence of drug activity in or around school facilities. The enhanced and mandatory minimum sentences required by this section for drug offenses occurring in a Drug-Free School Zone are necessary to serve as a deterrent to such unacceptable conduct.

    (b)    A violation of § 39-17-417, or a conspiracy to violate such section, that occurs on the grounds or facilities of any school or within one thousand feet (1,000') of the real property that comprises a public or private elementary school, middle school or secondary school shall be punished one (1) classification higher than is provided in § 39-17-417(b)-(i) for such violation.

    (c)    Notwithstanding any other provision of law or the sentence imposed by the court to the contrary, a defendant sentenced for a violation of subsection (b) shall be required to serve at least the minimum sentence for such defendant's appropriate range of sentence. Any sentence reduction credits such defendant may be eligible for or earn shall not operate to permit or allow the release of such defendant prior to full service of such minimum sentence.

-4-

To invoke the School Zone Act and sentence the defendant in accordance with the Act's enhanced penalties as requested by the State, the defendant would have had to be convicted of violating, or conspiring to violate, section 39-17-417. Tenn. Code Ann. § 39-17-432(b). However, Fields was convicted only of facilitation of the sale of cocaine. Even if Fields had been convicted of a more serious offense, the State did not indict Fields under the Act. Furthermore, there is no evidence that the indictment included any reference to the drug sale occurring near, or within "one thousand feet of," a school. Moreover, there is no evidence in this record that the George Clem school was an elementary, middle, or secondary school as required by the Act. We therefore find that even if the defendant's conduct had met the requirements necessary to invoke the School Zone Act, he would not have been given proper notice that he was being charged under this enhancement statute. Cf. State v. Hudson, 562 S.W.2d 416, 419 (Tenn. 1978) (holding that Tennessee Code Annotated section 39-4914, which provided additional punishment for one who employs a firearm as a means of committing a felony, does not create a separate offense, but provides only for increased punishment and "the form of the indictment . . . should have been in compliance with the construction of [section] 30-4914.")

In the alternative, a defendant is presumed to be a favorable candidate for alternative sentencing if, under Tennessee Code Annotated section 40-35-102(6) (1997), the defendant is an especially mitigated or standard offender of a Class C, D, or E felony and does not meet the criteria of section 40-35-102(5). Therefore, to be eligible for alternative sentencing, the defendant must not have committed the "most severe offense," nor have a criminal history evincing either "a clear disregard for the laws and morals of society," or "failure at past efforts at rehabilitation." Id. In this case, Fields, a Range I offender convicted of a Class C felony whose criminal record consists of two traffic violations and two misdemeanor convictions, does not display a clear disregard for the law; nor does his record indicate any failed efforts at rehabilitation. Therefore, Fields is presumed to be a favorable candidate for alternative sentencing options.

Nevertheless, this presumption of alternative sentencing may be rebutted by "evidence to the contrary." Guidance as to what constitutes evidence to the contrary may be found in the following sentencing considerations contained in Tennessee Code Annotated section 40-35-103(1) (1997):

(A)     Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B)     Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is especially suited to provide an effective deterrence to others likely to commit similar offenses; or

(C)     Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

In this case, neither the trial court nor the Court of Criminal Appeals discussed whether subsections -103(1)(A) and (C) apply to deny Fields the presumption of alternative sentencing. Accordingly, after conducting our own *de novo* review of the record, we conclude that Fields's criminal record does not

indicate a "long history" of criminal conduct, and is therefore insufficient to support a sentence of incarceration under Tennessee Code Annotated section 40-35-103(1)(A). Moreover, there is no evidence that the defendant lacks the potential for rehabilitation, Tenn. Code Ann. § 40-35-103(1)(C). We therefore find that sections -103(1)(A) and (C) are not implicated. Consequently, the only issue in this case is whether the proximity of the drug transaction to a school, standing alone, warrants a sentence of total confinement under section 40-35-103(1)(B).

The trial court, applying both prongs of subsection (B), concluded that "confinement is necessary in order to avoid depreciating the seriousness of the offense . . . [and because] the need to deter . . . is important in this case . . . [based on] the nature of the offense, the circumstances." Although the Court of Criminal Appeals affirmed the sentence of incarceration based on the seriousness of the offense, it determined that the record did not support incarceration based on the need to deter.

First, we reverse the decision of the Court of Criminal Appeals holding that alternative sentencing was properly denied to avoid depreciating the seriousness of the offense under section 40-35-103(B). For this provision to apply, the circumstances of the offense "as committed, must be 'especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree,' and the nature of the offense must outweigh all factors favoring probation." State v. Cleavor, 691 S.W.2d 541, 543 (Tenn. 1985); State v. Hartley, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991). Upon *de novo* review of the record, we are unable to find any facts or circumstances that meet this standard. For example, there is no indication that the school was visible from the location of the drug transaction. Similarly, there is no evidence that students were in the vicinity, were being solicited by drug dealers, were aware of the drug transaction, or were in any way involved. Contrary to the State's argument, the mere existence of the Drug-Free School Zone Act, without more, cannot elevate the nature of this offense to one requiring incarceration. Therefore, the circumstances of the defendant's offense, as committed by him, do not justify a denial of probation.

However, we affirm the decision of the intermediate court finding insufficient evidence in the record "indicating that the sentence imposed would have a deterrent effect within the jurisdiction." Recently, this Court addressed the issue of when a defendant is properly denied probation based on the need for deterrence. In Hooper, we held that

> a trial court's decision to incarcerate a defendant based on a need for deterrence [will be presumed to be correct] so long as any reasonable person looking at the entire record could conclude that (1) a need to deter similar crimes is present in the particular community, jurisdiction, or in the state as a whole, and (2) incarceration of the defendant may rationally serve as a deterrent to others similarly situated and likely to commit similar crimes.

Id. at 10. We then suggested several non-exclusive factors to guide the trial courts when deciding whether a need for deterrence is present and whether incarceration is "particularly suited" to achieve that goal:

-6-

(1) Whether other incidents of the charged offense are increasingly present in the community, jurisdiction, or in the state as a whole;
(2) [w]hether the defendant's crime was the result of intentional, knowing, or reckless conduct or was otherwise motivated by a desire to profit or gain from the criminal behavior;
(3) [w]hether the defendant's crime and conviction have received substantial publicity beyond that normally expected in the typical case;
(4) [w]hether the defendant was a member of a criminal enterprise, or substantially encouraged or assisted others in achieving the criminal objective;
(5) [w]hether the defendant has previously engaged in criminal conduct of the same type as the offense in question, irrespective of whether such conduct resulted in previous arrests or convictions.

Id. at 10-12.

Based on our *de novo* review of the record in this case, we find no evidence to support Fields's sentence of incarceration based upon any particular need for deterrence.[5] The only information revealed by the record that even hints of a need to deter drug-related crimes is a statement made by the trial judge: "We have a terrific problem of crack cocaine here in Greene County. The docket reflects it when you submit a copy of the docket for proof in the case. It's just a significant problem in this community." The trial court's observation and general reference to the docket cannot serve as a substitute for factual findings containing comparisons to indicate increased drug use in Greene County that would require a need for deterrence. Therefore, absent proof of the need to deter similar crimes in the "community, jurisdiction, or in the state as a whole," Hooper, 29 S.W.3d at 10, and absent proof of additional factors, we find no basis to affirm a sentence of incarceration based on a need for deterrence.

The State argues that the need for deterrence is shown by the terms of the Drug-Free School Zone Act. We disagree. The State has presented no proof in the *record* of a specific need to deter similar crimes. Moreover, the State's rationale would create a *per se* deterrable crime, which this Court sought to eliminate in Hooper.

**CONCLUSION**

For the foregoing reasons, we hold that the record lacks any evidence indicating that this offense was especially reprehensible or offensive. We conclude that the testimony by the State's witness as to the close proximity of the drug sale to a school, standing alone, is insufficient evidence to overcome the presumption of alternative sentencing. Without specific proof to justify a sentence of incarceration, we find that the defendant Fields remains a favorable candidate for alternative

_____

[5] Because no evidence has been presented indicating a need to deter, we need not decide whether incarceration of the defendant will rationally serve as a deterrent to others likely to commit similar crimes.

sentencing. This Court finds the evidence in the record insufficient to justify a sentence of incarceration based on deterrence grounds or based on the seriousness of the offense. Therefore, based on our *de novo* review of the record, we affirm the conviction. However, we reverse the judgment of the Court of Criminal Appeals denying alternative sentencing to the defendant, and we remand this case to the trial court to determine an appropriate alternative sentence.

Costs of this appeal shall be paid by the State of Tennessee.

_____
WILLIAM M. BARKER, JUSTICE