IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 16, 2011

## STATE OF TENNESSEE v. CHARLES BRADFORD STEWART

**Appeal from the Circuit Court for Montgomery County**
**No. 40700425    John H. Gasaway, Judge**

_____

**No.  M2010-01948-CCA-R3-CD - Filed October 11, 2011**

_____

Charles Bradford Stewart, Appellant, was indicted by the Montgomery County Grand Jury for one count of reckless endangerment, one count of vehicular assault, one count of failure to provide evidence of financial responsibility, and two counts of aggravated assault.  After a jury trial, Appellant was found guilty of one count of reckless aggravated assault and one count of vehicular assault, both Class D felonies.  Appellant pled guilty to failing to provide evidence of financial responsibility.  The trial court merged the convictions for reckless aggravated assault and vehicular assault into one conviction for vehicular assault and sentenced Appellant to twelve years in incarceration as a Career Offender.  The trial court ordered Appellant to serve one year in confinement and the remainder of the sentence on Community Corrections.  The State appealed.  On appeal, the following issue is presented for our review: (1) whether the trial court imposed an improper sentence by allowing Appellant to serve a sentence of split confinement.  After a review of the record and applicable authorities, we determine that as a Career Offender sentenced to twelve years, Appellant was statutorily ineligible for a Community Corrections sentence. Accordingly, the matter is reversed and remanded for resentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ROBERT W. WEDEMEYER, J. , joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; John W. Carney, District Attorney General; and William Lamberth, Assistant District Attorney General, for the appellant, State of Tennessee.

Hugh R. Poland, Jr., Clarksville, Tennessee, for the appellee, Charles Bradford Steward.

## OPINION

### *Factual Background*

After a car accident on July 19, 2004, Appellant was indicted by the Montgomery County Grand Jury in March of 2007 for one count of reckless endangerment, one count of vehicular assault by intoxication, one count of failure to provide proof of financial responsibility, and two counts of aggravated assault.

Appellant was convicted by a jury of Count Two, vehicular assault, and Count Four, reckless aggravated assault. The trial court held a sentencing hearing. At the hearing, the trial court merged the conviction for reckless aggravated assault into the conviction for vehicular assault, both Class D felonies. The trial court determined that Appellant was a Career Offender based on a finding that Appellant had ten prior felony convictions. As a result, Appellant was sentenced to a mandatory sentence of twelve years at 60% as a Career Offender. The trial court determined that Appellant would serve the sentence in split confinement, with one year in the county jail and eleven years in the Community Corrections program. The State objected to the split confinement sentence.

The State filed a notice of appeal pursuant to Rule 3(c)(4) of the Tennessee Rules of Appellate Procedure. On appeal, the State insists that Appellant was ineligible for the alternative sentence that the trial court imposed and the judgment should, therefore, be reversed.

### *Analysis*

On appeal, the State argues that the trial court improperly sentenced Appellant to a sentence of split confinement where he was ineligible to receive such a sentence. Specifically, the State contends that Appellant was not convicted of a "nonviolent felony offense" but rather committed a crime "against the person" and therefore is not eligible for Community Corrections. Further, the State insists that Appellant was not eligible for the special needs exception because the twelve-year sentence rendered him ineligible for probation and the trial court failed to make any specific findings with regards to the special needs exception. Appellant disagrees.

At the outset, we note that Appellant committed the underlying offenses in July of 2004. Effective June 7, 2005, the Tennessee General Assembly amended large portions of the Criminal Sentencing Reform Act of 1989. *See* 2005 Tenn. Pub. Acts ch. 353. The legislature also provided that the amendments would apply to defendants who committed a criminal offense on or after June 7, 2005. 2005 Tenn. Pub. Act ch. 353, § 18. In addition,

if a defendant committed a criminal offense on or after July 1, 1982, and was sentenced after June 7, 2005, such defendant can elect to be sentenced under these later provisions by executing a waiver of their ex post facto protections. *Id.* Appellant herein committed the offenses on July 19, 2004, and was sentenced on August 12, 2010. There is no waiver executed by Appellant in the record herein. Thus, the amendments to the Sentencing Act do not apply to Appellant.

We now move to a discussion of the issue presented by the State. The Sentencing Reform Act provides for an appeal by the district attorney general "from the length, range or manner of the service of the sentence imposed by the sentencing court." T.C.A. § 40-35-402(a) (2003). The State's right of appeal "is independent of the defendant's right of appeal." *Id.* Additionally, the right of appeal is limited to several conditions, including the grant of "all or part of the sentence on probation." T.C.A. 40-35-402(b)(2) (2003).

In reviewing a State's appeal of a defendant's sentence, this Court applies the same standard of review "as where the defendant takes the appeal." T.C.A. § 40-35-402, Sentencing Comm'n Cmts. In other words, "there is a presumption that the determination made by the trial court was correct." *Id.* This Court is required to conduct a de novo review on the record of the issues. T.C.A. § 40-35-402(d) (2003). The State bears the burden of establishing that an improper sentence was imposed by the trial court. T.C.A. § 40-35-402, Sentencing Comm'n Cmts.

A defendant who does not possess a criminal history showing a clear disregard for society's laws and morals, who has not failed past rehabilitation efforts, and who "is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary," T.C.A. § 40-35-102(6) (2003), where "the sentence actually imposed upon such defendant is eight (8) years or less." T.C.A. § 40-35-303(a); *see also State v. Fields*, 40 S.W.3d 435, 440 (Tenn. 2001).

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. *See* T.C.A. § 40-35-103(2), (4) (2003). The court should also consider the defendant's potential for rehabilitation or treatment in determining the appropriate sentence. *See id*. § 40-35-103(5) (2003).

The Community Corrections Act was meant to provide an alternative means of punishment for "selected, nonviolent felony offenders . . . , thereby reserving secure confinement facilities for violent felony offenders . . . ." T.C.A. § 40-36-103(1) (2003); *see*

*also State v. Samuels*, 44 S.W.3d 489, 492 (Tenn. 2001). Pursuant to statute, persons who satisfy all of the following minimum criteria are eligible for participation in a community corrections program:

> (A) Persons who, without this option, would be incarcerated in a correctional institution;
>
> (B) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses *not involving crimes against the person* as provided in title 39, chapter 13, parts 1-5;
>
> (C) Persons who are convicted of nonviolent felony offenses;
>
> (D) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
>
> (E) Persons who do not demonstrate a present or past pattern of behavior indicating violence; [and]
>
> (F) Persons who do not demonstrate a pattern of committing violent offenses[.]

T.C.A. § 40-36-106(a)(1) (2003) (emphasis added).

Additionally, persons who do not otherwise satisfy the minimum criteria and "who would usually be considered unfit for probation due to histories of chronic alcohol, drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community" may be considered eligible for participation in a community corrections program. T.C.A. § 40-36-106(c) (2003).

As we understand the State's argument on appeal, the trial court improperly sentenced Appellant to a sentence of split confinement where Appellant was ineligible for the alternative sentence of community corrections because he was convicted of a "crime against the person." We agree. Appellant herein was convicted of vehicular assault, T.C.A. § 39-13-106 (2003), which is a "crime against the person as provided in title 39, chapter 13, parts 1-5." *See* T.C.A. § 40-36-106(a)(1)(B) (2003). Moreover, the trial court did not make any findings that Appellant was eligible for community corrections under the special needs exception for alcohol, drug or mental health issues. Moreover, Appellant herein is not presumptively entitled to an alternative sentence because he was sentenced as a career offender, sentenced to a sentence that was eight years or more, and convicted of a crime against the person. *See* T.C.A. § 40-35-102(6) (2003); § 40-36-106(a)(1) (2003). The trial

-4-

court therefore imposed an illegal sentence by sentencing Appellant to Community Corrections. Consequently, this case must be remanded for resentencing.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is reversed and remanded. On remand, the trial court should impose a sentence in accord with the statutory guidelines and should consider all relevant available sentencing alternatives. Additionally, the trial court should sentence Appellant under the pre-2005 amendments to the Sentencing Reform Act in the absence of the completion of a waiver of ex post facto provisions.

_____
JERRY L. SMITH, JUDGE