# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 1, 2012

## STATE OF TENNESSEE v. DEON MARQUETT BOYKINS

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 2012-CR-79     J. Weber McCraw, Judge**

---

**No. W2012-01012-CCA-R3-CD  - Filed March 27, 2013**

---

The appellant, Deon Marquett Boykins, pled guilty to two counts of introducing contraband into a penal institution and one count of possessing a Schedule II controlled substance with intent to deliver.  He was sentenced as a Range I, standard offender to an effective five years on probation.  On appeal, the appellant contends that the trial court erred by denying his request for judicial diversion.  Based upon the record and the parties' briefs, we reverse the judgment of the trial court and remand the case for a new sentencing hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and ROGER A. PAGE, J., joined.

Shana Johnson, Somerville, Tennessee, for the appellant, Deon Marquett Boykins.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and Joe Van Dyke, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

On April 12, 2012, the appellant pled guilty to two counts of introducing contraband into a penal institution.  Count 1, which involved cellular telephones, was a Class E felony, and count 2, which involved a Schedule II controlled substance, Codeine, was a Class C felony.  The appellant also pled guilty in count 3 to possession of a Schedule II controlled substance, Codeine, with intent to deliver, a Class C felony.  At the plea hearing, the State gave the following factual account of the crimes:

> [O]n or about the 2nd of March, 2012, a box was received at the Hardeman County Correctional Facility located in Whiteville here in Hardeman County. Upon searching the box, 50 cell phones, 13 bags of tobacco, 16 ounces of liquid codeine was found. Agents of TDOC were dispatched to the facility and they, upon their investigation, learned that Mr. Boykins was the one that mailed this to the Hardeman County Correctional Facility. The way this was done is one of the inmates set up an account with the company that the prison bought their plumbing fixtures from and he made an order that was to be shipped at an address outside the prison and then that box was mailed to the prison and they just saw that label from the plumbing company that the prison is used to getting stuff from, so that was just shipped right into the prison. One of the inmates that worked with the folks in maintenance would intercept that box and then get the product out and deliver to the inmate that had set everything up. We've got a lot of introduction cases but I thought this one was pretty fascinating. I kind of was interested with the creativity behind it, but that's the way Mr. Boykins got 50 cell phones in as well as some liquid codeine. That would be the proof had this matter gone to trial, Judge.

Defense counsel informed the trial court that the appellant's brother was an inmate at the facility and that "that's how [the appellant] came to be a part of this conspiracy basically." Pursuant to the plea agreement, the appellant received a two-year sentence for count 1, a three-year sentence for count 2, and a three-year sentence for count 3. The sentences in counts 2 and 3 were to be served concurrently with each other but consecutively to the sentence in count 1 for a total effective sentence of five years, with all sentences to be served on probation. The appellant applied for judicial diversion.

At the sentencing hearing, the then thirty-one-year-old appellant testified that he had been employed at a factory for about one month at the time of his arrest in this case and that he had never been convicted of a crime. However, he spent one night in jail for a traffic event when he was twenty-one years old. The appellant became involved in this case when his brother's girlfriend gave him a package to mail. He acknowledged that he put himself in a "bad position" by getting involved on behalf of his brother.

The State noted that the appellant was "technically eligible" for judicial diversion but stated that "I understand the Court's position related to taking drugs into the prison." The trial court noted on the record that the parties had waived the preparation of a presentence

report. In determining whether to grant the appellant's request for judicial diversion, the court stated that with regard to the appellant's amenability to correction, nothing was presented "to show that he would not be amenable to any correction or probation." Regarding the circumstance of the offense, the trial court stated that the introduction of contraband was a "huge problem" and that there were "many, many cases of contraband." The trial court also stated that it considered the circumstance of the offenses to be "of great concern" because the contraband involved drugs and telephones.

The trial court noted that the appellant did not have a criminal record, that nothing in his social history had been brought to the court's attention to show that he would not be a good candidate for judicial diversion, and that he appeared to be in good physical and mental health. With regard to deterring the appellant and others, the trial court stated,

> Again, we've been here today. We've probably done three or four cases just today on this type of problem at the prison. It's a huge problem. It presents a problem for the community, for the prison community and the Court needs to send some deterrence to others who would likely have thoughts of breaking the law in this way. You know, you would think the deterrent value of just seeing a loved one or friend locked up would be of consequence. Apparently, that alone is not enough so this Court needs to also send a message to others that this is not accepted behavior, which laps over into whether or not it would serve the ends of the public. There is no interest to the public for prisons which are supposed to be incarcerating criminals allowed to pursue – have others pursue criminal activity within the laws of the prison. It just makes no sense that it serves anyone well, particularly the public.

The trial court denied judicial diversion and ordered that the appellant serve his effective five-year sentence on probation.

## II. Analysis

The appellant contends that the trial court erred by denying his request for judicial diversion because it relied solely on deterrence rather than the appellant's amenability to correction, his lack of a criminal record, and his good physical and mental health. The State argues that the trial court did not abuse its discretion.

A defendant is eligible for judicial diversion when he or she is found guilty or pleads

guilty or nolo contendere to a Class C, D, or E felony; has not previously been convicted of a felony or a Class A misdemeanor; and is not seeking deferral for a sexual offense. See Tenn. Code Ann. § 40-35-313(a)(1)(B)(I). Additionally, in determining whether to grant a defendant judicial diversion, the trial court must consider all of the following factors: (1) the defendant's amenability to correction, (2) the circumstances of the offense, (3) the defendant's criminal record, (4) the defendant's social history, (5) the status of the defendant's physical and mental health, and (6) the deterrence value to the defendant and others. State v. Lewis, 978 S.W.2d 558, 566 (Tenn. Crim. App. 1997). The record must reflect that the trial court has taken all of the factors into consideration, and "we may not revisit the issue if the record contains any substantial evidence supporting the trial court's decision." State v. Electroplating, Inc., 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998). Furthermore, "[t]he court must explain on the record why the defendant does not qualify under its analysis, and if the court has based its determination on only some of the factors, it must explain why these factors outweigh the others." Id.

Recently, this court filed an opinion in which the issue and facts were very similar to the issue and facts in the instant case. In State v. Cynthia Denise Marshall, No. W2012-01011-CCA-R3-CD, 2013 Tenn. Crim. App. LEXIS 60, at ** 7-8 (Jackson, Jan. 23, 2013), this court explained,

> With regard to deterrence, the court was greatly concerned about the circumstances of the offense because visitors taking drugs and other contraband into the prison was a "significant problem" in Hardeman County. No evidence was presented regarding the number of incidents involving visitors bringing illegal narcotics into the local prison, although the court stated that it had tried to send a strong message to others that such behavior will not be tolerated. A trial court must only consider "evidence in the record of the trial, the sentencing hearing, the presentence report and the record of prior felony convictions filed by the district attorney general with the court." T.C.A. § 40-35-210(f) (2010). See State v. Hooper, 29 S.W.3d 1, 12 (Tenn. 2001); State v. Nunley, 22 S.W.3d 282, 288 (Tenn. Crim. App. 1999). Sufficient evidence establishing the need for deterrence includes statistics and "testimony by someone with special knowledge of the level of a particular crime. . . ." Hooper, 29 S.W.3d at 11. A court's general observation that a particular offense occurs frequently within the county "cannot serve as a substitute for factual findings containing comparisons to indicate" increased instances of visitors taking drugs and other contraband into the

local prison. See State v. Fields, 40 S.W.3d 435, 442 (Tenn. 2001). We conclude that the court erred by finding, without sufficient evidence, that visitors taking drugs and other contraband into the local prison was a significant problem in Hardeman County.

For the reasons stated in Marshall, we must again conclude that the trial court lacked sufficient evidence to deny the appellant's request for judicial diversion based upon the need to deter the appellant and others.

The appellant has requested that this court grant his application for judicial diversion. However, the lack of a presentence report prevents this court from being able to determine whether the appellant is entitled to judicial diversion. Marshall, W2012-01011-CCA-R3-CD, 2013 Tenn. Crim. App. LEXIS 60, at *10. Therefore, the case must be remanded to the trial court for a new sentencing hearing. We note that on remand, the trial court should order that a presentence report be prepared pursuant to Tennessee Code Annotated section 40-35-205(a), which provides that "[u]pon acceptance of a guilty plea or upon a verdict or finding of guilty, the court shall, in the case of a felony, . . . direct the presentence service officer to make a presentence investigation and report." See also Tenn. Code Ann. § 40-35-203(b) (stating that "[t]here shall be a presentence report and hearing on any issue of sentencing not agreed upon by the parties and accepted by the court"); Tenn. Code Ann. § 40-35-205(d) (providing that a presentence report is required if the parties disagree as to the manner of service of the sentence). As we stated in Marshall, "[w]hether a presentence report is prepared for the trial court's sentencing determination or its granting or denial of judicial diversion, this court does not condone the practice of failing to prepare and file a report with the trial court." W2012-01011-CCA-R3-CD, 2013 Tenn. Crim. App. LEXIS 60, at *10.

### III. Conclusion

Based upon the record and the parties' briefs, the trial court denial of the appellant's request for judicial diversion is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____
NORMA McGEE OGLE, JUDGE