IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 19, 2017

## STATE OF TENNESSEE v. MARIO COGSHELL

**Appeal from the Circuit Court for Robertson County
No. 74CC3-2014-CR-209, 74CC4-2015-CR-668, 75CC4-2015-CR-666
William R. Goodman, III, Judge**

_____

### No. M2016-01658-CCA-R3-CD

_____

The Defendant, Mario Cogshell, entered guilty pleas in the Robertson County Circuit Court to three counts of possessing less than 0.5 grams of cocaine with intent to sell. The trial court imposed an effective sentence of ten years to be served in confinement. On appeal, the Defendant argues that his sentence is excessive. Upon review, we affirm the judgments of the trial court. However, we remand the case for entry of proper judgment forms for the charges that were dismissed as a result of the guilty plea.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed
and Remanded**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLIAMS, JJ., joined.

Brittney Hollis (on appeal) and Rob McKinney (at sentencing hearing), Nashville, Tennessee, for the Defendant-Appellant, Mario Cogshell.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; John W. Carney, District Attorney General; and Jason White, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

On March 19, 2014, the Defendant was indicted for selling over 0.5 grams of cocaine in count one and delivering over 0.5 grams of cocaine in count two, in Case No. 74CC3-2014-CR-209. While out on bail for these charges, the Robertson County Grand Jury returned two more indictments against the Defendant in Case Nos. 74CC4-2015-CR-668 and 75CC4-2015-CR-666. Each indictment charged the Defendant with selling over

0.5 grams of cocaine in count one and delivering over 0.5 grams of cocaine in count two. On April 4, 2016, the Defendant entered guilty pleas to three counts of possessing less than 0.5 grams of cocaine with intent to sell.[1] The judgment forms for each conviction reflect that the delivery charges in count two of each indictment were dismissed.

At the July 22, 2016 sentencing hearing, the Defendant's presentence report was introduced without objection. The report reflected that the instant offenses occurred when the Defendant sold crack cocaine to a confidential informant on three separate occasions. The report also included a statement from the Defendant that he committed the crimes "to provide for [his] family" and that he had "tried repeatedly to get a job" but that "[i]t is very hard for a convicted felon to get a job." The Defendant's extensive criminal history spanned from 1992 to 2015 and included two felony drug convictions for sale and possession of cocaine, two casual exchange convictions, two convictions for possession of marijuana, a conviction for simple possession, a DUI conviction, convictions for driving with a suspended license and without a license, a conviction for failure to appear, and one conviction for domestic violence. The presentence report showed that the Defendant had been serving a community corrections sentence from February 2007 to October 2010 and that the sentence was revoked. The report also showed that the Defendant was released on parole in January 2012.

The report included a statement from the Defendant that he began delivering and using drugs at a young age and that he continued to sell drugs because "'[he] liked the money.'" The Defendant reported a history of regularly using marijuana, cocaine, and alcohol, and reported completing and participating in various substance abuse treatment programs. Regarding his personal history, the Defendant reported that he was raised by his grandmother and grew up on welfare, eventually quitting school in the ninth grade due to bullying. The Defendant listed six children and said that he also raised his wife's step-daughter as his own since she was born. The Defendant reported that he was very involved in his childrens' lives and paid child support.

The State introduced additional evidence regarding the Defendant's history of drug convictions over the past ten years. The Defendant's first felony conviction for

---

[1] The record on appeal does not include the guilty plea hearing transcript. The only document detailing the Defendant's guilty plea is a handwritten "Petition for Waiver of Trial by Jury and Request for Acceptance of Plea of Guilty," which is illegible. The judgment forms also do not include the specific offense to which the Defendant pled; however, we glean this information from the parties' appellate briefs. Additionally, most of the relevant testimony in this case was presented at the sentencing hearing. Therefore, we conclude that the record is adequate for our review. See State v. Caudle, 388 S.W.3d 273, 279 (Tenn. 2012) ("[W]hen a record does not include a transcript of the hearing on a guilty plea, the Court of Criminal Appeals should determine on a case-by-case basis whether the record is sufficient for a meaningful review[.]").

possession of cocaine was in February 2007, and the Defendant received a six-year sentence with six months' incarceration and five years and six months on community corrections. The Defendant violated the rules of his community corrections sentence on three separate occasions from 2008 to 2010, which led to additional possession charges. The first violation occurred because the Defendant tested positive for cocaine and marijuana and was out past curfew. The second violation occurred because the Defendant was arrested and charged with possession of cocaine.

The Defendant's community corrections sentence was reinstated after his first two violations; however, the third violation resulted in a guilty plea to the sale of cocaine under 0.5 grams, a Class C Felony, for which the Defendant was sentenced to three years' imprisonment on October 29, 2010. After being released on parole in January 2012, the Defendant committed yet another drug offense in May 2013 and pled guilty to casual exchange, for which he received a sentence of 11 months and 29 days to serve in the county jail. The instant offenses were subsequently committed in July 2013 and May 2015. The Defendant was released on bail for the July 2013 charges on June 17, 2014, and he committed the following offenses on May 7 and May 26, 2015.

The Defendant's eleven-year-old son, M.C.,[2] testified that his father had been M.C.'s sole caretaker his entire life. M.C. also said that the Defendant was a good father and he agreed that the Defendant was doing better now even though he had been through some bad times. M.C. said that when his father was incarcerated M.C.'s aunt or grandmother took care of him but that he always went back to live with the Defendant when he was released.

The Defendant's wife, Jasmine Cogshell, testified that she had been married to the Defendant for one year. Cogshell said that she worked cleaning houses and that the Defendant had been working with her while he looked for another job. Cogshell said that the Defendant had recently changed for the better because he was more involved with his children and stayed at home more. Cogshell also said that the Defendant had a difficult time finding a job as a convicted felon. Cogshell testified that the Defendant had always been a great father and had always supported his children.

The Defendant made an allocution, where he apologized to the court and "[took] the blame" for his actions. The Defendant also asked the court for another chance. After hearing the proof and arguments from counsel, the trial court sentenced the Defendant to five years for all three convictions, with his two 2015 convictions in Case Nos. 74CC4-2015-CR-666 and 74CC4-2015-CR-668 running concurrently with each other and consecutively to his 2014 conviction in Case No. 74CC3-2014-CR-209, for an effective

---

[2] It is the policy of this court to refer to minors by their initials only.

sentence of ten years. The trial court applied one mitigating factor, that the Defendant was motivated by a desire to provide necessities for his family or self, and two enhancement factors, that the Defendant had a previous criminal history and that the Defendant committed one or more of the offenses while released on bail. See T.C.A. § 40-35-113(7); see also id. § 40-35-114(1), (13). Because of the Defendant's unsuccessful attempts at probation and community corrections, the trial court ordered the sentence to be served in confinement. It is from this order that the Defendant now timely appeals.

## ANALYSIS

On appeal, the Defendant argues that his sentence is excessive. The Defendant also cites an incorrect standard of review and argues that confinement was not necessary in this case. The State responds that the trial court properly denied an alternative sentence based on the Defendant's criminal history and history of probation violations. We agree with the State.

"[T]he abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including questions related to probation or any other alternative sentence." State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012). A trial court must consider the following when determining a defendant's specific sentence and the appropriate combination of sentencing alternatives: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the mitigating and enhancement factors set out in sections 40-35-113 and 40-35-114; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and (7) any statement the defendant wishes to make in the defendant's own behalf about sentencing. T.C.A. §§ 40-35-210(b)(1)-(7). In addition, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Id. § 40-35-103(5). The court must impose a sentence "no greater than that deserved for the offense committed" and "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Id. §§ 40-35-103(2), (4).

Any sentence that does not involve complete confinement is an alternative sentence. See generally State v. Fields, 40 S.W.3d 435 (Tenn. 2001). Tennessee Code Annotated section 40-35-102(6)(A) states that a defendant who does not require confinement under subsection (5) and "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable

candidate for alternative sentencing options in the absence of evidence to the contrary[.]" However, a trial court "shall consider, but is not bound by, the advisory sentencing guideline" in section 40-35-102(6)(A). See T.C.A. § 40-35-102(6)(D). Despite a defendant's eligibility, he or she is not automatically entitled to probation as a matter of law. Id. § 40-35-303(b), Sentencing Comm'n Cmts. Moreover, the defendant bears the burden of establishing his suitability for probation. Id. § 40-35-303(b).

In determining whether to deny alternative sentencing and impose a sentence of total confinement, the trial court must consider if:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Id. §§ 40-35-103(1)(A)-(C); see State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

Here, the Defendant does not clearly state why he believes his sentence is excessive. As a Range I, standard offender, the Defendant was subject to a sentencing range of three to six years for each count of possession with intent to sell, a Class C felony. See T.C.A. § 39-17-417(c)(2)(A); see also id. § 40-35-112(a)(3). Thus, the trial court's five-year sentences were within the statutory range. In determining the appropriate length of the Defendant's sentences, the trial court applied one mitigating factor and two enhancement factors, which the Defendant does not challenge. The trial court also properly imposed mandatory concurrent sentences for the convictions which the Defendant committed while on bail. See id. § 40-20-111(b); see also Tenn. R. Crim. P. 32(c)(3).

The Defendant argues that "[i]ncarceration is not going to serve the ends of justice by appreciating the seriousness of the offense," and that "[c]onfinement in this case would not be necessary to protect society by restraining a defendant with a long criminal history." We interpret the Defendant's argument as a challenge to the trial court's imposition of full confinement as opposed to a sentence of probation or split confinement. However, we also note that, contrary to the Defendant's assertions, he does have a long criminal history and his own counsel stated at the sentencing hearing that "there should be some confinement, because if the [c]ourt let[]s [the Defendant] go

without a little - - without some shock therapy it would depreciate the seriousness." The Defendant primarily relies on his difficult childhood as support that "justice is not served by ordering [the Defendant] to serve ten (10) years incarcerated."

The Defendant had two prior felony convictions and numerous misdemeanors, most being drug offenses. The Defendant was also given a community corrections sentence in 2007, which he violated repeatedly over three years. Then, after serving a three-year sentence in confinement and being released on parole, the Defendant again committed more drug offenses. Moreover, two of the three instant offenses were committed while the Defendant was released on bail for the first offense. The Defendant has been given many chances at rehabilitation and release into the community, yet has continued to offend for more than ten years. Because the record shows that the trial court carefully considered the evidence, enhancement and mitigating factors, and the purposes and principles of sentencing prior to imposing a sentence of five years for each conviction, the Defendant has failed "to either establish an abuse of discretion or otherwise overcome the presumption of reasonableness afforded sentences which reflect a proper application of the purposes and principles of our statutory scheme." Caudle, 388 S.W.3d at 280. Additionally, the record shows that the trial court properly relied on the Defendant's criminal history and the Defendant's extensive history of committing offenses while subject to measures less restrictive than confinement. As such, the Defendant has failed to prove that the trial court abused its discretion in denying an alternative sentence.

Lastly, we detect errors in the entry of the judgment forms in this case. The record does not contain judgment forms disposing of the three indicted offenses that were dismissed as a result of the Defendant's guilty plea. The three judgment forms provided are for count one of each indictment in Case Nos. 74CC3-2014-CR-209, 74CC4-2015-CR-666, and 74CC4-2015-CR-668. The "Special Conditions" box of each judgment form includes some variation of the following note: "Sentence is to serve with TDOC. Count 2 dismissed." On remand, the trial court should ascertain whether judgment forms exist for the three dismissed offenses. If there are none, the trial court shall enter judgment forms for the second count of all three indictments at issue which were dismissed as a result of the Defendant's guilty plea. See State v. Davidson, 509 S.W.3d 156 (Tenn. 2016) (requiring a trial court to prepare a uniform judgment document for each count of the indictment).

## CONCLUSION

Based on the aforementioned authorities and reasoning, the judgments of the trial court are affirmed and remanded to the trial court. On remand, the trial court should determine if proper judgment forms exist for count two of each indictment, as explained

above. If there are no judgment forms disposing of these charges, the trial court shall enter the appropriate judgment forms.

_____

CAMILLE R. McMULLEN, JUDGE