# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
July 26, 2016 Session

## STATE OF TENNESSEE v. MICHAEL GLENN HOLT

**Appeal from the Criminal Court for Knox County**
**Nos. 105092, 105788      Bobby R. McGee, Judge**

_____

**No. E2015-01892-CCA-R3-CD – Filed October 31, 2016**

_____

The Defendant, Michael Glenn Holt, entered guilty pleas in the Knox County Criminal Court to one count of theft over $500 but less than $1,000, a Class E felony, and one count of criminal trespass, a Class C misdemeanor, with an agreed combined sentence of four years with manner of service to be determined by the trial court. After failing to appear at his initial sentencing hearing, the Defendant was also charged, and subsequently pled guilty to, one count of failure to appear, a Class E felony, with the trial court to determine the length and manner of sentence. The trial court imposed a sentence of four years for the failure to appear charge, consecutive to his previous four-year sentence, for a total effective sentence of eight years' imprisonment. On appeal, the Defendant argues that the trial court erred in imposing the maximum sentence on the failure to appear charge, that the trial court improperly denied the Defendant an alternative sentence, and that the trial court failed to consider whether the Defendant's consecutive sentences were statutorily mandated. Upon review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT H. MONTGOMERY, JR., J., joined.

Mark E. Stephens, District Public Defender; Jonathan P. Harwell and Jessica M. Greene, Assistant Public Defenders, Knoxville, Tennessee, for the Defendant-Appellant, Michael Glenn Holt.

Herbert H. Slatery III, Attorney General and Reporter; John H. Bledsoe, Deputy Attorney General; Charme P. Allen, District Attorney General; and Philip H. Morton, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On January 20, 2015, the Defendant entered a Truckstops of America Travel Center in Knoxville, Tennessee and took $685 in fuel additives, which the Defendant concealed in his clothing before he left the store without paying. The Defendant repeated the incident on the same day, and both events were captured on video. The store manager identified the Defendant and stated that the Defendant had been charged with a previous theft from the same store, and that, due to the previous theft, the Defendant had been ordered to stay off the property.

On March 23, 2015, the Defendant was charged in the Knox County Criminal Court with one count of theft and one count of criminal trespass (Case No. 105092). The Defendant entered guilty pleas as to both charges and agreed to a sentence of four years for theft and an additional thirty days for criminal trespass, to be served concurrently with the four-year theft sentence. The trial court accepted the Defendant's guilty pleas and set the matter for sentencing.

While the sentencing hearing and the completion of a presentence investigation were pending, the Defendant was released on his own recognizance. The parties had previously agreed that the Defendant would attend a facility in Kingsport, Tennessee during his release for treatment of his drug addiction. However, the Defendant left the facility against medical advice on April 7, 2015, a few days after being admitted. The Defendant did not appear at his sentencing hearing on May 28, 2015, and a capias was issued for his arrest. On June 5, 2015, the Defendant was stopped by law enforcement and arrested on additional charges unrelated to this case.[1] On June 29, 2015, the Defendant was charged in the Knox County Criminal Court with one count of failure to appear (Case No. 105788). The Defendant entered a guilty plea, and left the length and the manner of service to be determined by the trial court.

At the September 10, 2015 sentencing hearing, the Defendant's presentence investigation report was introduced without objection.[2] The presentence report reflected

---

[1] The Defendant was charged with driving while license revoked (second or subsequent offense) and possession of drug paraphernalia at the same time he was also charged with failure to appear. These charges are not at issue in the instant case, but were also committed while the Defendant was released on his own recognizance pending sentencing and were noted in the Defendant's presentence investigation report.

[2] Although the transcripts from the Defendant's guilty plea hearings in Case No. 105092 and Case No. 105788 are not included in the appellate record, we conclude that the record is adequate for our review. See State v. Caudle, 388 S.W.3d 273, 279 (Tenn. 2012) ("[W]hen a record does not include a transcript of the hearing on a guilty plea, the Court of Criminal Appeals should determine on a case-by-case basis whether the record is sufficient for a meaningful review[.]").

approximately eighty to ninety separate convictions on the Defendant's criminal record. Specifically, the Defendant's criminal history included multiple convictions for theft, shoplifting, worthless checks, evading arrest, and various drug offenses, as well as convictions for assault and aggravated burglary. In addition, the Defendant's State probation was revoked on multiple occasions, and he never completed treatment for his drug addiction, although he admitted to being addicted to cocaine, among other drugs, and using cocaine daily. The report classified the Defendant as "a very high risk for the successful completion of probation" and rejected the Defendant's application for enhanced probation, noting that "[the Defendant] hasn't taken his past criminal history seriously."

The parties agreed that the Defendant was a Range II, multiple offender and that the applicable sentencing range for the failure to appear charge was two to four years. Significantly, the Defendant conceded that his sentence for failure to appear in Case No. 105788 was required to be served consecutively to the theft and criminal trespass charges because the failure to appear was committed while he was released on bail. The Defendant requested an alternative sentence of two years, to be served in the Community Alternatives to Prison Program ("CAPP"). In support, the Defendant argued that a failure to appear charge is generally a non-violent, victimless crime and that "a two-year sentence for one day of missed court is more than [commensurate] with the nature of the offense." With regard to the manner of sentencing, the Defendant conceded that State probation had deemed him a very high risk for successful completion and that he had a "considerable criminal history[;]" however, the Defendant submitted that the CAPP office was willing to work with him and that the "root of all of this is his drug problem." The trial court denied the Defendant's request for alternative sentencing and sentenced the Defendant to four years in the Tennessee Department of Correction. This timely appeal followed.

## ANALYSIS

On appeal, the Defendant challenges both the effective length and manner of service of the sentences imposed by the trial court.[3] Specifically, he argues that the trial court erred in denying a community corrections sentence or, alternatively, by failing to impose a sentence of split confinement. The Defendant also contends that the trial court erred "in concluding that the failure to appear charge was statutorily required to run consecutively to the theft charge." In response, the State contends that the Defendant's sentence was proper and that the Defendant was properly subjected to mandatory consecutive sentencing.

_____

[3] The issues have been reordered by this Court for clarity.

"[T]he abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including questions related to probation or any other alternative sentence." State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012). A trial court must consider the following when determining a defendant's specific sentence and the appropriate combination of sentencing alternatives: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the mitigating and enhancement factors set out in sections 40-35-113 and 40-35-114; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and (7) any statement the defendant wishes to make in the defendant's own behalf about sentencing. T.C.A. §§ 40-35-210(b)(1)-(7). In addition, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Id. § 40-35-103(5). The court must impose a sentence "no greater than that deserved for the offense committed" and "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Id. §§ 40-35-103(2), (4).

As to the length of his sentence, the Defendant does not dispute his Range II, multiple offender status, which subjected him to a sentence range of two to four years. Rather, the Defendant argues that the trial court focused exclusively on his criminal history and failed to consider "any of the other relevant factors;" namely, the victimless nature of the crime or his explanation for missing his court date. He insists that a four-year sentence for missing court is "grossly excessive." Our review of the record supports the trial court's imposition of the maximum sentence in this case. As an initial matter, the Defendant was a Range II, multiple offender and subject to a sentencing range of two to four years for the offense of failure to appear, a Class E felony. See id. § 40-35-112(b)(5). Thus, the trial court's four-year sentence was within the applicable statutory range and presumed reasonable.

In determining the appropriate length of the Defendant's sentence, the trial court indeed relied primarily upon enhancement factor (1), that "the defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range." See id. § 40-35-114(1). Although the trial court did not explicitly reference the victimless nature of the crime or the fact that the Defendant missed court to be with his sick mother, the record reflects that they were argued to the trial court at sentencing. Even if the trial court erred in failing to articulate these factors in mitigation of the Defendant's sentence, the pre-sentence report established that the

Defendant's previously-imposed probationary sentences had been revoked at least eight times in the past, see T.C.A. § 40-35-114(8), that the Defendant incurred new charges while released pending sentencing, see id. § 40-35-114(13), as well as his extensive criminal history which was comprised of approximately eighty to ninety separate convictions. Because the record shows that the trial court carefully considered the evidence, the enhancement factors, and the purposes and principles of the Sentencing Act prior to imposing a sentence of confinement, the Defendant has failed "to either establish an abuse of discretion or otherwise overcome the presumption of reasonableness afforded" to the trial court's sentence. State v. Caudle, 388 S.W.3d 273, 280 (Tenn. 2012). The record amply supports the maximum four-year sentence imposed by the trial court. The Defendant is not entitled to relief.

Next, the Defendant argues that the trial court erred by denying a community corrections sentence. Alternatively, the Defendant argues that the trial court should have imposed a sentence of split confinement. Any sentence that does not involve complete confinement is an alternative sentence. See generally State v. Fields, 40 S.W.3d 435 (Tenn. 2001). The intent of the Community Corrections Act was to "[e]stablish a policy within the state to punish selected, nonviolent felony offenders in front-end community based alternatives to incarceration, thereby reserving secure confinement facilities for violent felony offenders." T.C.A. § 40-36-103(1). A defendant who does not possess a criminal history showing a clear disregard for society's laws and morals, who has not failed past rehabilitation efforts, and who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Id. § 40-35-102(6); See also Fields, 40 S.W.3d at 440. The following considerations provide guidance regarding what constitutes "evidence to the contrary" which would rebut the presumption of alternative sentencing:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

T.C.A. §§ 40-35-103(1)(A)-(C); See also State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000).

Eligible offenders under the Community Corrections Act include:

(A) Persons who, without this option, would be incarcerated in a correctional institution;

(B) Persons who are convicted of property-related, or drug- or alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;

(C) Persons who are convicted of nonviolent felony offenses;

(D) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

(E) Persons who do not demonstrate a present or past pattern of behavior indicating violence;

(F) Persons who do not demonstrate a pattern of committing violent offenses; and

(2) Persons who are sentenced to incarceration or are on escape at the time of consideration will not be eligible for punishment in the community.

T.C.A. §§ 40-36-106(a)(1)(A)-(F), (a)(2).

Simply because an offender meets the minimum requirements under the Community Corrections Act "does not mean that he is entitled to be sentenced under the Act as a matter of law or right." State v. Ball, 973 S.W.2d 288, 294 (Tenn. Crim. App. 1998) (citing State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987)). Instead, the Act's criteria "shall be interpreted as minimum state standards, guiding the determination of eligibility of offenders under this chapter." T.C.A. § 40-36-106(d).

Our review of the record supports the trial court's denial of community corrections and imposition of a sentence of confinement in this case. We recognize that the Defendant was eligible for probation because his sentence is ten years or less and because his offense is not among those excluded from consideration for probation. See id. § 40-35-303(a). However, the Defendant is not a favorable candidate for alternative sentencing because he is a Range II, multiple offender. Moreover, as discussed during the sentencing hearing, the presumption that the Defendant was eligible for community corrections was subject to be rebutted based on his extensive criminal history. See id. § 40-35-102(6)(A).

-6-

In denying a sentence of community corrections in this case, the trial court noted that it generally favored probation and release into the community, especially when probation agencies, such as CAPP, indicated a willingness to work with a defendant. However, "like any policy, the Court has to apply that with discretion and must consider the circumstances of each case." The trial court noted that the Defendant had an extensive criminal history, that the Defendant had previously left treatment while on release, and that he had absconded in the past, indicating that the Defendant "doesn't take his criminal past history seriously." The trial court further reasoned as follows:

> [T]here are some circumstances in which it would be reckless to release back to the community someone [who has] demonstrated so many times that he will engage in criminal behavior, perhaps, to feed his drug habit, but nevertheless, he will engage in it. And there's no indication that he's going to stick with treatment, even if he's given the chance.

Although the Defendant contends that the trial court provided inadequate support for its imposition of full confinement, the record as a whole reflects that the trial court fully considered an alternative sentence in light of the circumstances of the Defendant's case. We acknowledge and agree that the trial court failed to specifically articulate its denial of split confinement. However, the trial court not only considered the Defendant's criminal history, but also considered the Defendant's unsuccessful history of less restrictive confinement measures and his disregard for the seriousness of his extensive criminal history, see T.C.A. §§ 40-35-103(1)(A), (C), both of which serve as evidence to rebut the presumption of alternative sentencing. The Defendant argues that his case is no different than State v. Kristopher Blake Kincer, No. E2013-01740-CCA-R3-CD, 2014 WL 2553429, at *3 (Tenn. Crim. App. June 2, 2014), no perm. app filed (reversing denial of probation and remanding to the trial court to determine suitability for community corrections). We disagree and find Kincer distinguishable.

Unlike Kincer, a Range I, standard offender, the Defendant is not a favorable candidate for alternative sentencing because he is a Range II, multiple offender. In addition, in Kincer, there was extensive testimony at the sentencing hearing showing that the defendant's history of substance abuse contributed to and related to his crimes. Id. at *5. Here, aside from the CAPP report, the presentence report, and the Defendant's brief allocution, there was no evidence submitted at the sentencing hearing. Finally, the Kincer court remanded to the trial court because it failed to consider community corrections as a sentencing option or whether the defendant was a suitable candidate for community corrections. Id. Here, the record shows the trial court was fully aware of the Defendant's request for community corrections and properly considered it. Accordingly, under these circumstances, we are unable to conclude that the trial court improperly denied community corrections or a sentence of split confinement.

In his final claim, the Defendant argues for the first time on appeal that the trial court improperly concluded that his failure to appear conviction was statutorily required to be served consecutively to his theft and criminal trespass conviction. The Defendant contends that consecutive sentences are discretionary for a failure to appear charge, as opposed to mandatory, for two reasons. First, the Defendant argues that because he was "released on his own recognizance," and not "on bail," the mandatory provisions of Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3), requiring consecutive sentences when a felony is committed while "on bail," do not apply. Second, the Defendant argues that, even if he were determined to be "on bail" for purposes of the aforementioned statutes, the statutes still do not apply because Tennessee Code Annotated section 39-16-609(f), which specifically addresses failure to appear offenses, "trumps" the more general statutes regarding offenses committed while on bail. The Defendant contends that Tennessee Code Annotated section 39-16-609(f) "uses permissive language instead of mandatory language" and thus allows a trial court to make a discretionary decision on whether a defendant's sentence for a failure to appear conviction should run consecutively to another conviction.

There is no indication on the record that this issue was previously raised in the trial court or that the trial court had any other opportunity to consider whether the Defendant's sentences were mandated to run consecutively or whether the trial court had discretion regarding the issue. In fact, the Defendant acknowledges that he conceded the issue of mandatory consecutive sentences at the trial court, and proceeds to summarily conclude, without authority, that waiver does not apply to the Bise analysis applicable to this case. We consider this issue waived because (1) this issue was not adequately briefed in this court; and (2) the Defendant cites no authority in support of this issue. See Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."); See also Tenn. R. App. P. 27(a)(7) (A brief shall contain "[a]n argument . . . setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on.").

Waiver notwithstanding, we note that, even had the Defendant's claim against mandatory consecutive sentences been properly raised, the Defendant would still be subject to consecutive sentences, either pursuant to the trial court's discretionary authority under Tennessee Code Annotated section 39-16-609(f) or Tennessee Code Annotated section 40-35-115(b)(2). This Court has held that "an extensive criminal history, standing alone, is enough to justify the imposition of consecutive sentencing." State v. Nelson, 275 S.W.3d 851, 870 (Tenn. Crim. App. 2008) (citing State v. Adams, 973 S.W.2d 224, 231 (Tenn. Crim. App. 1997)). Accordingly, the Defendant is not entitled to relief on this issue.

## CONCLUSION

Upon our review, the trial court did not err in ordering the Defendant to serve a four-year sentence for his failure to appear conviction or in denying the Defendant's request for an alternative sentence. In addition, the trial court did not err in ordering the Defendant's sentences to be served consecutively. Based upon the foregoing analysis, the judgments of the trial court are affirmed.

_____
CAMILLE R. MCMULLEN, JUDGE